WILLIAM CHRISTY, PLAINTIFF IN ERROR, v. LODOVICK P. AL-
FORD, ADMINISTRATOR OF HENRY D. BULLARD, DECEASED.

The fifteenth section of the statute of limitations of Texas is as follows: "Every
suit to be instituted to recover real estate, as against him, her, or them, in posses-
sion, under title or color of title, shall be instituted within three years next after
cause of action shall have accrued, and not afterwards.
The proper construction of this section is, that a possession may be in two or more
holding in privity, one under another; and if the possession of both so holding
will make out the term prescribed, and he who is sued has title or color of title,
then the bar will be effectual.
Therefore, where two persons, claiming under the same head-right certificate, had
possession of the land claimed for three years, it was sufficient.
The decisions of the supreme court of Texas upon this subject examined.

THIS case was brought up, by writ of error, from the district
court of the United States for the district of Texas.

The case is stated in the opinion of the court.

It was submitted upon printed arguments, by *Mr. Crittenden,*
*Mr. Hughes,* and *Mr. Lawrence,* for the plaintiff in error, and
by *Mr. Hill* and *Mr. Henderson,* for the defendant.

Mr. Justice CURTIS delivered the opinion of the court.

This case comes before us by a writ of error to the district
court for the district of Texas. It was an action of trespass, to
try the title to a tract of land. On the trial, the defendant
relied on the 15th section of the statute of limitations, passed
in 1841, by the congress of the then Republic of Texas, which is
in the following words : " Every suit to be instituted to recover
real estate, as against him, her, or them, in possession, under title
or color of title, shall be instituted within three years next after
cause of action shall have accrued, and not afterwards, saving,"
&c.

In reference to this defence the district judge instructed the
jury, that a possession under the said 15th section might be
in two or more, holding in privity, one under another; and if the
possession of both so holding will make out the term prescribed
by said section, and he sued has title or color of title, then the
bar will be effectual.

The plaintiff excepted to this instruction, and the jury found
a verdict for the defendant.

Several objections to this instruction have been relied on in
this court. The first is, that a holding by two persons, for the
space of three years, one claiming and holding in privity with
the other, does not satisfy the statute; that the person who is
sued must himself have held for the space of three years. The
argument is, that the period of three years begins to run when

" cause of action shall have accrued;" that the statute does not
say when a cause of action, or the first cause of action accrued,
but, when cause of action accrued ; that cause of action accrues
against each tenant, in succession, when he enters, whether he,
come into the land in privity with the preceding occupant or
not ; for each is a trespasser by an unlawful entry ; that the
statute refers, not to the cause of action which first accrues to
the plaintiff by reason of an unlawful entry, but to the cause
of action which accrues to him by reason of the entry of the
particular person sued. It is conceded that this construction of
the statute is not in conformity with that put upon the 21 Jac.
I. ch. 16, and its reënactments in this country; but it is insisted
that the particular terms of the statute in question call for a
different interpretation, because the bar therein provided for is
confined to certain cases therein enumerated, and is not appli-
cable to all cases of adverse holding for the space of three
years.

It must be admitted that the bar afforded by the 15th sec-
tion of the statute is confined to the particular cases therein
described; but the question is, whether that description excludes
cases where there has been an adverse holding for three years,
by different persons holding in privity with each other ; and we
are of opinion that such cases are included in the 15th section.
We think both the language of the law and its subject-matter,
as well as the analogous cases respecting the interpretation of
similar statutes, call for this construction. The plaintiff would
read the law as if it had said, "'within three years next after
cause of action shall have accrued" against the person
sued. But these words are not in the law, nor would the court
be justified in interpolating them. It is true, the only cases
enumerated in the law are suits against persons in possession
under title or color of title. But the definitions of the terms,
title and color of title, which immediately follow, are: "By the
term title, as used in this section, is meant a regular chain of
transfer from and under the sovereignty of the soil; and color
of title is constituted by a consecutive chain of such transfer
down to him, her, or them, in possession, without being regular,
as if one or more of the memorials, or muniments, be not regis-
tered or not duly registered," &c. It is quite plain, therefore,
that when this section speaks of a suit against one in posses-
sion under title or color of title, it is not confined to cases in
which the defendant was the first to enter under that title. If
he be in a regular chain of transfer from and under the sov-
ereignty of the soil, or in a consecutive chain of such transfer,
though informal in its instruments, he is a defendant within the
descriptive words of this section ; and it is wholly immaterial

whether he was the first taker from the sovereign of the soil or not.

The words, " as against him, her, or them in possession, under title or color of title," restrict the benefit of this bar to those persons who hold under such a title ; the words, "shall be instituted within three years next after cause of action shall have accrued, and not afterwards," prescribe the length of time during which cause of action must have existed, by reason of an adverse holding under such a title. And as, by the very terms of the act, the person setting up this bar must be in a chain of transfer from the sovereignty of the soil down to himself, it necessarily follows that the defendant setting up the bar must be in privity with his predecessors in the title, and that he cannot rely on the title or possession of any one under whom he does not claim. There is nothing in the act to restrict the party sued from relying on the possession of any predecessor in that title under the sovereignty of the soil, which has come to himself, and the purpose of the act requires that he should be allowed to do so. That purpose was to give repose to such titles by three years' adverse possession. But if the construction contended for by the plaintiff in error were adopted, three years' possession under that title, by one person, would not quiet that title. If a descent were cast, or an alienation took place, after three years had elapsed, a right of action would accrue against the heir or purchaser who should enter, and that action would not be barred because the defendant had not himself held possession for three years.

This would be an extraordinary anomaly. At the common law a descent cast tolled the right of entry, because the heir came in by operation of law; and a discontinuance was worked by the alienation of a tenant in tail, so that the alienee could not be entered on by the heir in tail. These rules of the common law were changed, in part, by the 32 Hen. VIII. ch. 33, and have been wholly abrogated in most of the United States; but that the title of the heir or alienee should be worse than that of the ancestor or grantor, and that an action, wholly barred against the latter, should be revived and be in force upon an entry by the former, under a title already protected by the act, would indeed be strange. We see nothing in the language or objects of the law, and certainly there is nothing in the decisions under analogous laws, calling for this interpretation.

Though we do not know that the supreme court of Texas has had occasion to decide the precise question here presented, that learned court has repeatedly expressed views of this section of the act of 1841, in accordance with those we have above given. In Wheeler *v.* Moody, 9 Texas R. 377, that court, in

considering a defence set up under the 15th section of this act, say: " The possession need not be continued by the same person; but, when held by different persons, it must be shown that a privity existed between them." So, in Horton v. Crawford, 10 Texas R. 390, speaking of the time when the cause of action accrues, within the meaning of this section, they say: " When does the cause of action accrue ? Unquestionably, at the instant of possession taken under the circumstances specified in the statute ; namely, under title or color of title, according to the definition of those terms given in the law itself." See, also, Portis et ux. v. Hill's Administrator, 3 Texas R. 273.

We understand, therefore, that our views of this statute are in accordance with those of the supreme court of Texas, so far as that learned court has had occasion to express any opinion on the subject; and we hold, in the terms laid down by them in the case of Wheeler v. Moody, that, under the 15th section of the act of 1841, the possession need not be continued by the same person, and that, consequently, the instruction of the district court, in this particular, was correct.

But it is further objected, that the instruction given did not require that the first holder should have been in under title or color of title, but only that the person sued should have title or color of title ; and that this instruction would allow the benefit of this bar to one having title, and a possession of less than three years, if he claimed in privity with another who had previously possessed without title. But the instruction must be taken with reference to the admitted facts upon which it was given. Those facts were : " It was proved by the admissions of the parties by their attorneys, that L. P. Alford and the defendant, by a union of the several possessions, had, next before the commencement of the plaintiff's action, peaceable, adverse, and uninterrupted possession, for more than three years, claiming under color of title, of six hundred and forty acres of land, by virtue of said Alford's head-right certificate, duly recommended, duly surveyed, and returned to the general land-office, and within the boundary of both of the one-league surveys of plaintiff, described and mentioned in the second and third count of his petition."

There was no room to argue, nor could the jury find that any part of the three years' possession was held without color of title, for the contrary is expressly admitted. In reference to the particular facts of this case, the instruction was not erroneous in the particular complained of.

It is also urged that, in addition to what was said by the court, the jury should have been told that the defendant, having no title or color of title such as that prescribed by the statute,

could not have the benefit of the bar, by virtue of the title or color of title of Alford, under whom he claimed; for the reason that, claiming a bar under the statute, he had to show the circumstances prescribed by it; and the title prescribed having to be a transfer down to him in possession, the requirement was not complied with by showing a title in him under whom he claimed; and the consequence is, that the defendant, instead of proving himself within the rule required, shows himself out of it, and not entitled to the bar.

But, upon the facts agreed, this position is not tenable. It was agreed that the defendant's possession was under color of title, by virtue of Alford's head-right certificate; and the instruction given by the court required the jury to find that the defendant claimed in privity with Alford; and this privity is also admitted, for he could be in under color of Alford's head-right only by force of a consecutive chain of transfer through Alford from the sovereignty of the soil.

He was, therefore, not setting up color of title in another, but in himself. It is true, the record does not show how this privity was created, nor that the defendant was in a consecutive chain of transfer. But the necessity for this proof was done away by the admission of the plaintiff, that the defendant was in possession under color of title; for, as has just been observed, this was equivalent to an admission that he was in under such a chain of transfer from the sovereignty of the soil.

It has also been urged, that the 14th section of this statute allows an entry within ten years next after the right accrues. We are spared the necessity of discussing this question at large, because it has been distinctly decided by the supreme court of Texas, in Horton v. Crawford, 10 Texas R. 382; and we concur entirely in the correctness of the reasoning by which it is there shown that the 14th section of the act has no effect upon the bar created by the 15th section.

The other matters assigned for error related exclusively to the plaintiff's title. But as the bar under the 15th section of the statute of limitations was complete and effectual upon the conceded facts, there can be no error in the judgment in favor of the defendant, even if the court ruled erroneously in respect to the title of the plaintiff; and we have not considered these alleged errors, and give no opinion thereon.

The judgment of the district court is affirmed, with costs.

## Order.

This cause came on to be heard on the transcript of the

51 *

record from the district court of the United States for the district of Texas, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said district court in this cause be and the same is hereby affirmed, with costs