# H. E. Hart *v.* Anthony Williams and William Watson, Appellants.

*Ejectment—Evidence—Adverse possession.*

In an action of ejectment, it appeared that plaintiff had bought the land in dispute at an executor's sale. The testator had held the land openly and adversely for twenty years. Upon his death he devised it to his wife for life, with remainder to certain devisees. The evidence showed an open, hostile and continuous possession of testator, his widow and his devisees for over forty years. *Held,* (1) that plaintiff was entitled to recover the land; (2) that the admission of the testator's will in evidence

was proper; (3) that evidence of a sale by testator of a fraction of an acre of land was not prejudicial to the defendant; (4) that it was proper to exclude a power of attorney to the testator to take possession of land, the power not describing the land in dispute, but merely referring to any land of the grantor, which he owned in the state.

Argued April 27, 1898. Appeal, Nò. 70, Jan. T., 1898, by defendants, from judgment of C. P. Crawford Co., Sept. T., 1897, No. 43, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in Wayne township. Before THOMAS, P. J.

At the trial it appeared that plaintiff purchased the land in May, 1897, at an orphans' court sale by the executor of Robert Williams. Defendant claimed an undivided one half of the land as purchaser at a sheriff's sale under a judgment against Anthony Williams, son of Robert Williams.

Plaintiff offered to prove that Robert Williams, in his lifetime, made his last will, by the terms of which, among other things, he devised an estate for life to his widow, and that the widow continued to reside on this land until 1897, under the title devised by the will of Robert Williams.

Defendant objected that the possession of Margaret Williams cannot be tacked on to the possession of Robert Williams, the husband.

By the Court: As I understand it, plaintiff makes the offer that he will show by the will of Robert Williams, or to show that Robert Williams made a will by which he devised a life estate in this land, to his wife, Margaret Williams; and that he offers to prove now, that she went into possession, he alleges, by virtue of the will of Robert Williams. And it seems to the court that this is competent testimony with that offer. The objection is overruled, and a bill of exceptions sealed for the defendant. [1]

Peter Schoffstall, a witness for plaintiff, testified: "Q. Do you know of Robert Williams disposing of any of this land?"

Defendant objects to plaintiff undertaking to prove by parol that Robert Williams at any time during his alleged occupancy of these premises sold to any one; first, because the deed is the best evidence of the fact, if one is in existence, and second,

the selling of the property by deed, if the deed were here, is not evidence of adverse possession.

By the Court: The objection is overruled and a bill of exceptions sealed for the defendant.

" A. Williams sold a small piece, three quarters of an acre, to George Foote. Foote took possession of it immediately after he bought and fenced it off with his." [2]

Defendant offered in evidence power of attorney from Jerry Williams and wife to Robert Williams, dated November 10, 1855, and recorded in the recorder's office of Crawford county, May 18, 1870.

"Know all men by these presents: That we, Jeremiah Williams, and Amanda Williams his wife, of the County of Boone and State of Iowa, have made, constituted, and appointed, and by these presents do make, constitute and appoint Robert Williams of the County of Crawford, State of Pennsylvania, our true and lawful attorney, for us, and in our name, place and state, to enter into and take possession of all such lands, hereditaments and real estate whatsover, in the State of Pennsylvania, whereof we are or may be in any way entitled, and to grant, bargain, sell and convey the same, or any part or parcel thereof, for such sum or price, and on such terms as to him shall seem meet, and for us and in our names to make, acknowledge and deliver good and sufficient deeds and conveyances for the same, with or without covenants of warranty, hereby giving and granting unto our said attorney full power and authority to do and perform all and any act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as we might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that our said attorney or his substitute shall lawfully do or cause to be done, by virtue thereof.

" In witness whereof we have hereunto set our hands and seals this 10th day of November, 1865.

" Duly acknowledged and recorded as above stated."

Plaintiff objected to the introduction of this evidence as not being relevant on any ground; it does not describe this land; it is not an admission by Robert Williams that he does not hold this land under color of title, or as the equitable owner on the

theory set up by the plaintiff; it does not rebut the case of plaintiff in any respect.

Mr. Church, of counsel, for defendant: We offer it in evidence for the purpose of showing that Robert Williams accepted the power of attorney from Jeremiah Williams, the grantee of one half the premises, from John Wightman in the deed already read; that he put it upon record, thereby showing his acceptance of the power of attorney; and for the purpose of showing thereby that he did not undertake, and did not then undertake, to hold this or any other land that is the subject of this suit, by virtue of adverse possession for a period of twenty-one years.

By the Court: I do not see how it can be said that this relates to this fifty-six acres of land in Wayne township, any more than it relates to your lot in the city of Meadville. I do not see wherein it shows that Jerry Williams, if that is the man who executes the power of attorney, claims that he is entitled to any part of this land in controversy. It gives the power of attorney to Robert Williams to act concerning any land to which he may be entitled; but there is no indication that I can get from that instrument that he claims that he is entitled to the land in controversy in this case. The objection is sustained.

Mr. Church: On what ground do you sustain the objection?

By the Court: On the ground that the paper offered in evidence does not show that it in any way relates to the land in controversy in this suit.

Mr. Henderson, of counsel for plaintiff: We have another objection; that the paper, giving it all the significance contended for by the defendants, is not such an acknowledgment of title in Jerry Williams, and declaration by the alleged disseizor that he holds under Jerry Williams's title, as is effective to toll the operation of the statutes of limitations. That was in the former objection stated.

By the Court: I think that is a good objection also.

Mr. Church: Your Honor overrules it for both reasons?

By the Court: For both reasons? Yes, sir.

Exceptions sealed by the court. [3]

Plaintiff's second point and the answer thereto were as follows:

2. If the jury find from the evidence that Robert went into possession of the land in controversy as early as 1855, and re-

mained in the exclusive, open, notorious and peaceful possession till his death in 1875, claiming it as his own, erecting a house and barn, clearing, fencing and improving the land, and paying the taxes thereon assessed in his name, and sold off a small piece therefrom, and that by his last will he devised the said land to his wife, Margaret Williams, during her natural life, and after death directed that the land should be sold and the proceeds divided among the children, that after his death his widow, Margaret Williams, continued in possession of the said land, claiming and holding under the will of her said husband, until her death in 1897, such facts would vest a good title in those claiming under the will of Robert Williams, and the plaintiff who purchased the land at orphans' court sale, took a good title, and is entitled to recover in this case. *Answer:* Affirmed. [4]

Defendant's points and the answers thereto were as follows:

1. Title to the land in dispute in this case not having been shown out of the commonwealth by the plaintiff, even twenty-one years' adverse possession upon the part of Robert Williams, under whom plaintiff claims, does not give him title to the land in controversy in this suit. *Answer:* This point is refused. There is evidence as to an adverse holding by Robert Williams and those claiming under him from the year 1855 or thereabouts; and if such claim is made for a period of thirty years or more, no title whatever is necessary to be shown out of the commonwealth. [5]

2. There is no evidence to submit to the jury that Robert Williams was in possession of the land in dispute in this case more than nineteen years and six months, or thereabouts; at least, not twenty-one years before his death; and it ought not to be submitted to the jury to find that Robert Williams had been in possession of the land twenty-one years prior to his death. *Answer:* This point is refused. We do not submit to you whether he had been in possession twenty-one years or any other time approximating twenty-one years prior to his death. If he was in possession as described to you by the court, and he and those who claim under him together, have occupied under these circumstances for twenty-one years, plaintiff could recover. [6]

3. Plaintiff in this case claims title, if at all, under Robert

Williams, and no possession of Margaret Williams, as devisee for life under the will of Robert Williams, can give plaintiff in this case title to the land in dispute, and plaintiff is not entitled to recover therefor. *Answer :* This point is refused. Plaintiff is not claiming title under Margaret Williams. [7]

4. There is no sufficient evidence in this case to submit to the jury that Jeremiah and John Williams "paid only a small portion of the purchase money, and then moved to the West, leaving their father, Robert Williams, in possession of the land in dispute ; " nor is there evidence to submit to the jury that the father " finished paying for the land, had it assessed to himself, and paid the taxes thereon," and that the said John Williams " never claimed the land in dispute," and therefore plaintiff is not entitled to recover. *Answer :* Taking this point as a whole we are bound to refuse it. [8]

6. Under all the evidence in this case the verdict must be for the defendant. *Answer :* This point is refused. [9]

The court charged in part as follows :

[If Robert Williams made his will, by virtue of which he directed that his wife should have the use of that property during her life, and that at her death it should be sold, and the proceeds divided, it matters not how they were divided, the sale by the executor of Robert Williams, under the provisions of his will would pass a good title, if this holding had been for twenty-one years by Robert Williams, and his heirs and devisees, his heirs and those who claimed under his will. It is not necessary that Robert Williams should remain in possession of this property under claim of title for twenty-one years, but he and those who claim his interest in that property, together, must have remained there twenty-one years or more.] [10]

[The question for you, gentlemen, is to determine whether or not Robert Williams, and after Robert Williams those claiming by virtue of Robert Williams's title, whatever it may have been, to wit : the wife and legatees, have had exclusive, notorious, adverse and continuous possession of that fifty-six acres of land in Wayne township for more than twenty-one years prior to the purchase of this land by Mr. Hart, at orphans' court sale. That is the material fact in this case for you to determine. If you find that they had such possession for twenty-

one years or more, your verdict should be for the plaintiff.  If
you find that they did not have such possession for twenty-one
years and upwards, your verdict should be for the defend-
ant.] [11]

Verdict and judgment for plaintiff.  Defendants appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the
bill of exceptions ;  (4–11) above instructions, quoting them.

*Pearson Church,* with him *Myron Park Davis,* for appellants.
—The best evidence must always be produced if it be in the
power of the offering party.  If it be not in such power, ground
must be laid for secondary evidence.  Parol evidence cannot
be given of a fact in relation to which there exists a contract
or deed in writing : McKinney v. Leacock, 1 S. & R. 27 ; Mc-
Donald v. Campbell, 2 S. & R. 473.

The power of attorney should be admitted upon the plain
ground that the constituent has his title upon record, and gave
the power of attorney to his father to take and hold possession
of the premises.  The power of attorney must be presumed to
have been delivered to the attorney in fact.  The signing, attes-
tation and acknowledgment of a deed by the grantor, and the
recording of it, raises a presumption of delivery which even
declarations of the grantor that the deed was not delivered, will
not remove : Kern v. Howell, 180 Pa. 315 ; Ingles v. Ingles,
150 Pa. 397 ; Rigler v. Cloud, 14 Pa. 361.

Adverse possession ceases to be so by parol agreement with
the owner of the title to hold for or under him.  The admissions
of strangers are competent evidence of such agreement and such
evidence should be left to the jury, whether it be all sufficient
or not : Read v. Thompson, 5 Pa. 327 ; Horton v. Davidson,
135 Pa. 186 ; Ingersoll v. Lewis, 11 Pa. 218 ; Sailor v. Hertzogg,
2 Pa. 182.

The title to adverse possession was not established : Graffius
v. Tottenham, 1 W. & S. 488 ; Moore v. Collishaw, 10 Pa. 224 ;
Shaffer v. Lowry, 25 Pa. 252 ; Huffman v. McCrea, 56 Pa. 95 ;
Sherwood v. Sumne, 5 W. N. C. 357.

*Sion B. Smith,* with him *John J. Henderson* and *J. W. Smith,*
for appellee.—The possession of a devisor, devisee for life, and
remainderman is of sufficient privity to be tacked to make out

a continuous possession: Haynes v. Boardman, 119 Mass. 414; Cook v. Nicholas, 2 W. & S. 27; Overfield v. Christie, 7 S. & R. 173; Kennedy v. Wible, 11 Atl. Rep. 98; Logan v. Friedline, 14 Atl. Rep. 343; Douglas v. Irvine, 126 Pa. 643; Hasson v. Klee, 181 Pa. 117.

OPINION BY MR. JUSTICE McCOLLUM, January 2, 1899:

This is an action of ejectment for the possession of fifty-six acres of land in Wayne township, Crawford county. The plaintiff purchased the land in May, 1897, at an orphans' court sale, by the executor of Robert Williams who died in possession of it in 1875. William Watson, the real defendant in the suit claims title to an undivided one half of the land which he alleges he acquired by purchase at a sale on a judgment against Anthony Williams. It will be seen therefore that the plaintiff claims title under Robert Williams, his devisees and legatees, while the defendant claims title to an undivided one half of it under Anthony Williams, one of the heirs and legatees of the said Robert Williams. It is conceded that Robert Williams entered upon the land in question in 1855, and from that time until his death, in January, 1875, he occupied it exclusively as his own, and in the mean time erected buildings, made clearings and fences and paid taxes upon it. By his will dated January 7, 1875, and proved January 25, 1875, he devised to his wife Margaret Williams the land in question to have and to hold the same for and during her natural life, with direction to his executors to convert at her decease his real and personal property into money, to be divided between his children according to the instructions in his will. After his decease his widow remained in possession and control of the farm until her death, in 1897. For a while after his death his son Abram run the farm for her on shares and, on his leaving it, her son Anthony run it for her in like manner during her life. It is clearly established by the evidence in the case that Robert Williams and his devisees and legatees claiming under him had continuous and undisputed possession of the land from 1855 to 1897, a period of forty-two years. It was an open, hostile, actual, exclusive and unbroken possession. We cannot therefore assent to the contention of the defendant that this possession was insufficient to confer title under the statute of limitations.

We are unable to discover in the rulings complained of in the first, second and third specifications of error any substantial ground for reversing the judgment.   The admission of the will was proper, and the evidence of a sale by Robert Williams of a fraction of an acre of the land cannot be regarded as prejudicial to any right of the defendant.   The admission of the power of attorney, considered by itself and unexplained, would not have impaired or in any degree qualified the possession to which full reference has been made, and on which the plaintiff's action was based.   None of the children of Robert Williams claimed the land in his possession or in the possession of his widow, and none of them ever questioned his right to dispose of it when and as he did.

The possession of the land by Robert Williams and those claiming under him for a period of forty years constitutes, we think, a complete bar to any claim made upon it by the defendant.

Judgment affirmed.