## CARTER *v.* WAKEMAN.

[70 Pac. 393.]

PLEADING—OBSTRUCTED EASEMENT.

1. An action for damages caused by obstructing an easement may be brought by any one in possession of the premises to which the right is appurtenant, and the plaintiff need state only the ownership of the easement, what it is, the invasion thereof, and the damages caused.

CONSTRUCTION OF PLEADING.

2. A careful consideration of the allegations of the complaint in this case has satisfied the court that a cause of action for interference with an easement has not been stated.

From Jackson: HIERO K. HANNA, Judge.

This is an action at law by Nancy Carter against Miles S. Wakeman to recover damages resulting from the alleged obstruction of an easement claimed by plaintiff. The complaint is lengthy and prolix, and we give it in substance, condensing it as much as possible without obscuring the sense. It sets forth that plaintiff is now, and has been for more than sixteen years last past, in the lawful and quiet possession of a certain tract of land, containing 160 acres (particularly describing it),

with the exclusive right to its use, together with all water rights, easements, and appurtenances thereto belonging or in any wise appertaining; that plaintiff and her husband, her predecessor in interest, have for more than twenty years last past been using the premises for agricultural purposes, and have irrigated the crops produced and the berries and orchard thereon each year with water conveyed to and upon the premises through a ditch constructed across defendant's land; that said water has been taken and appropriated from Pleasant Creek, a stream flowing through both the lands of the defendant and plaintiff, the ditch having been constructed to a point on defendant's land partly by him and partly by plaintiff's husband, who is now deceased,—having died in the year 1883, —and from said point extended by her said husband through and across defendant's land to and upon the premises occupied by plaintiff; that ever since the construction of said ditch plaintiff's husband and plaintiff have continuously contributed toward maintaining and keeping it in repair to the point of extension, from whence plaintiff and her predecessor solely maintained and kept it in repair; that Pleasant Creek, at the head of said ditch, afforded more water each year than was required for properly irrigating defendant's land and the premises occupied by plaintiff; that the ditch was constructed with sufficient capacity to convey water in ample volume to irrigate properly all the land of the defendant susceptible of irrigation, and to furnish besides all the water that plaintiff and her predecessor in interest required; that for more than twenty years last past plaintiff and her predecessor have continuously, each year, during the entire irrigating season, conveyed to and used all the water upon their said land from the point of extension, flowing and conveying the same through that portion of said ditch constructed by plaintiff's said husband and defendant, and the water so used has been sufficient in quantity properly to irrigate all the crops, berries, and the orchard of each; that plaintiff and her predecessor in interest, for more than twenty years last past, continuously, each year, during the irrigating season, so appropriated and

used all the flowing water in said ditch from the point of extension, and have used the same and the said ditch, through which it has been conveyed from Pleasant Creek, continuously, under an honest, *bona fide* claim of ownership and right to the use thereof and to said ditch, and have so claimed and used the said water and ditch openly, notoriously, and adversely to all the world, and to said defendant in particular; that for more than sixteen years last past plaintiff has taken and solely used the water from said ditch and stream in the same way, and for the same purpose, and in the same amount as heretofore taken and used by her husband, under an honest, *bona fide* claim of right and ownership, and in her sole and separate right used said water and all of said ditch continuously, openly, notoriously, and adversely to all the world, and the defendant in particular; that the long continued and uninterrupted use of said water and said ditch by plaintiff and her husband has long since, and before 1901, ripened into and become an easement, appurtenant to said tract of land in possession of plaintiff, and that long-continued and uninterrupted use thereof by plaintiff since the death of her husband has long since, and before the year 1901, created and secured to plaintiff a separate, personal, and permanent right to the use of said water and all of said ditch, and to convey said water from Pleasant Creek to said premises free from the interference of defendant. Following this, it is alleged that in the spring of 1901 plaintiff planted certain crops upon her premises; that on or about the —— day of May, 1901, defendant, without color or right, wilfully and unlawfully, for the sole purpose of vexing and injuring the plaintiff and preventing her crops from maturing, broke the ditch on his land at the point from where plaintiff was taking the water, and turned all the water flowing in said ditch into a gulch, thus conducting it back into Pleasant Creek and away from plaintiff's premises; that plaintiff repaired said ditch, and the defendant again turned the water back into the gulch, and forbade her making further repairs, by reason whereof plaintiff has been damaged in certain specified sums, aggregating $725. To this complaint a general demurrer was

interposed, which, after consideration, was sustained, and, judgment having been entered dismissing the action, the plaintiff appeals.                                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Enoch B. Dufur.*

For respondent there was a brief over the names of *William M. Colvig* and *Charles Prim,* with an oral argument by *Mr. Colvig.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1. The action is simple in its nature, the plaintiff being only required by her complaint to state her ownership of the easement by appropriate averments; describing it so it may be readily discerned of what it consists, the invasion or obstruction thereof, and the damages, specified or general, ensuing, as may be adapted to the exigencies of the case. It is altogether unnecessary, in an action of this character, to set out or to show the particular manner in which or from whom the easement was·acquired: 7 Enc. Pl. & Pr. 258. Any person in possession of premises to which the easement is appurtenant may maintain the action (7 Enc. Pl. & Pr. 256), but, if the plaintiff is also the owner of an estate in or title to the premises forming the basis of his possession and right thereto, it would be safer, perhaps, to allege such ownership also. If, however, plaintiff has gathered into her complaint sufficient facts by which to establish an easement appurtenant to premises in her rightful occupancy, or of which she is the owner, and to further show a wrongful obstruction or hindrance to her use, by which she is damaged, it may be sustained, as against the test of a general demurrer, notwithstanding it may consist in setting up minutely and with much detail the manner of her acquirement of such easement. In such a case, as in the ordinary one, the pleading is construed most strongly against the pleader.

2. Pleasant Creek flows through both the lands of the plain-

tiff and the defendant, the latter's being above those of the
former. Now, as we read the complaint, it is alleged that the
water was taken and appropriated through a ditch constructed
from Pleasant Creek to a point on defendant's land partly by
defendant and partly by plaintiff's husband, and from thence
to and upon plaintiff's lands wholly by her husband; that con-
tinuously ever since its construction, being more than twenty
years, plaintiff and her husband contributed to the mainte-
nance of said ditch down to the initial point of such extension,
and from thence they have wholly maintained it; that Pleas-
ant Creek affords more water than is needed for the use of both
plaintiff and defendant, and that said ditch was constructed
with sufficient capacity to carry all the water required by both;
that for more than twenty years plaintiff and her predecessor
have continuously, each year, during the irrigating season,
used all the water upon their land so conveyed from said
Pleasant Creek, and flowing through said extension; that
during all of said time plaintiff and her predecessor have con-
tinuously, each year throughout the irrigating season, so ap-
propriated and used all the water flowing in said ditch from
the point on defendant's land before mentioned, flowing and
conveying the same from Pleasant Creek through said portion
of said ditch constructed by plaintiff's said husband and the
defendant, and have so used said water and the ditch, through
which the same has been conveyed from Pleasant Creek, con-
tinuously and adversely, under an honest claim of right, etc.
A like allegation is made as to plaintiff individually, showing a
continuous use for more than sixteen years last past, her hus-
band having died in 1883. From these allegations it is deduced
by the pleader that the long, continuous, and uninterrupted
use of said water and ditch has ripened into and become an
easement appurtenant to the lands occupied by plaintiff.

We are not sure whether the pleader intends to rely upon an
appropriation from Pleasant Creek, and to base ownership of
the easement upon the right, or upon a right by prescription
acquired from long, continuous, and adverse user as against
the defendant. The facts alleged fall short of stating any title

or right of use by appropriation. True, it is averred at the outset that the water was taken and appropriated through the ditch constructed in the manner designated; and a little further on, that plaintiff has for more than twenty years continuously appropriated and used all the water from the point whence the extension was made solely by plaintiff's husband. But these averments, with such others as may aid them, are so vague and indefinite that they cannot by any reasonable construction or legal intendment be held to show an appropriation either by defendant or plaintiff of any water from Pleasant Creek. To constitute an appropriation, there must be an appropriator, with the intent to appropriate to some beneficial use. This must be followed by a diversion and application to the use within a reasonable time, but the complaint contains no sufficient statement of these essentials. The allegation that plaintiff and her husband appropriated from the point where the husband made the extension refers, by all reasonable intendment, to the surplus water after defendant's use; and, standing alone, it would be but a conclusion of law, and could not be sufficient upon which to base an original appropriation. There is conjoined with this averment, however, another that they used all the water from that point, continuously flowing the same through the ditch from its source; and, coupled with what follows, an intention to set up a prescriptive right, and not an appropriation, may be inferred. If such is the purpose, the right is so illy defined that it cannot be determined of what it consists. Is it a right produced by adverse user as against the defendant, extending to the surplus water allowed by him to pass down the ditch to the point of extension, or does it comprise a right to take water in amount equal to such surplus from Pleasant Creek, and flow it through the entire length of the ditch, and apply it to plaintiff's necessities upon her premises? We are unable to determine which, from what is stated. And again, no definite quantity of water is named, to the use of which plaintiff has become entitled by her alleged prescription. This is perhaps important as descriptive of the right. Without entering further into detail touching the sufficiency

of the complaint, suffice it to say that it does not with suf-
ficient definiteness describe and define the easement which it is
alleged the defendant obstructed, nor is plaintiff's ownership
thereof indicated by appropriate and apt allegations.   The
demurrer was therefore properly sustained.

Another question arose subsequent to the entry of judgment
dismissing the action.   Plaintiff filed a second amended com-
plaint under an impression that she had leave of the court so
to do, and moved for judgment for want of an answer, which
was denied, and the action of the court in this particular was
assigned as error.   An examination of such complaint shows it
to be in all material respects, save one, the same as the com-
plaint to which the demurrer was interposed and sustained;
the difference being that the latter contains an allegation that
plaintiff is the owner in fee of the premises in her possession.
This alone, however, did not make it a good complaint, and the
judgment must be affirmed.                              AFFIRMED.