## JOHN MARTIN *vs.* NATHANIEL M. JORDAN.

Aroostook County.    Decided October 30, 1918.    This is an action of trover for the value of logs alleged to have been converted by the defendant.    The verdict was for the plaintiff.    The case comes up on motion to set aside the verdict, (1) because it is excessive, (2) because it is against the law and evidence.    We do not think the verdict need be disturbed on the first ground, the real contest being the ownership of the land upon which the logs were cut.    The plaintiff claims to own the land by prescription, and his title depends entirely upon this right.    The defendant has a record title, excepting the public lots, and lots conveyed to settlers and one or two other matters not important here.

It will avail no purpose to enter in detail upon an analysis of the testimony.    A general statement of the case shows that the plaintiff's father, William Martin, began to occupy the premises about 75 years ago.    The plaintiff succeeded to the rights of his about 50 years ago, or in about 25 years after his father began to occupy.    The question is, whether the character of this occupancy, through ample years to do so, was such as to give a prescriptive title.    There is evidence, if believed by the jury, to show that the area which the plaintiff claimed, had for 50 or 60 years been fenced and pastured by a "large stock" as expressed by John Martin, who at the time of the trial was 77.    One of the defendant's witnesses testified to the fence on the road for 50 or 60 years and "perhaps longer."

The jury were also warranted in finding that this territory had, at some time been cut over, and later, and at the time of the trial, largely covered with second growth, and that portions of the area had been cultivated and planted.

Upon all the facts viewed in the light of the circumstances in which they occurred, we are inclined to the opinion that the verdict should stand.

The court will take judicial notice of the fact, as a matter of common knowledge, that 50 or 75 years ago timber lands were of but little value.    The owners then paid but little attention to what occupants upon their lands were doing.    This very case shows how careless occupants and owners were in these early times.    The owners

then conveyed to Martin senior the wrong lot, and afterwards corrected it. In later years any kind of timber land has become very valuable; and lands that, 50 years ago, were sacrified for the pittance of the tax assessed upon them have, in later years been sought with avidity. But William and John Martin's occupancy began many years ago. If they, either singly or successively, occupied this lot for 20 years in a manner consistent with all the elements of prescriptive title, at the expiration of 20 years of such occupancy, whether under William or John, then, title was acquired and became absolute. Of this title neither could be subsequently divested except by conveyance or loss by adverse usage. While much evidence occurring of recent date was contradictory to the plaintiff's claim, we are yet inclined to the opinion that the jury upon all the evidence were warranted in finding that the occupancy of William and John Martin may have ripened into a title many years ago. Motion overruled. *Shaw & Thornton*, for plaintiff. *Doherty & Tompkins, and W. I. Butterfield*, for defendant.