GEORGE C. BOUTON, Plaintiff, *v.* GEORGE A. FLEHARTY, Defendant, Impleaded with LOUIS P. PENFIELD and Others, Appellants, Respondents, and CHARLES D. SWAN and Another, Respondents, Appellants.

Second Department, January 8, 1926.

Partition — title derived through will executed in California in accordance with our statute — common-law proof of execution of will is sufficient to establish title — court properly directed verdict and improperly set verdict aside.

In a partition action, in which the title to the land is claimed by one of the parties by virtue of a will executed in California by a resident thereof, in accordance with our statute, the party claiming title through the will is only required to prove the due execution of the will by common-law proof.

Accordingly, the court properly directed a verdict in favor of said party on common-law proof offered of the due execution of the will, but improperly set the verdict aside on the ground that said party should have shown a valid probate according to the law of this State, or a valid judgment establishing the will pursuant to sections 200–205 of the Decedent Estate Law, or that presumptive evidence of the will and of the execution thereof exists pursuant to section 44 of the Decedent Estate Law.

APPEAL by the defendants, Charles D. Swan and another, from an order of the Supreme Court, made at the Westchester Trial Term and entered in the office of the clerk of the county of Westchester on the 15th day of June, 1925, setting aside the verdict of a jury and granting a new trial in a partition action, with notice of intention to bring up for review those portions of the interlocutory and final judgments which adjudicate to whom the share of Mary E. Griffith, deceased, shall pass.

Appeal by the defendants, Louis P. Penfield and others, from so much of said order as grants a new trial and in so far as said order fails to dismiss the pleading, if any, interposed by the defendant Charles D. Swan, and fails to direct final judgment in favor of the appellants Penfield.

The action is brought for the partition of certain real property of which one Martha Cornelia Morehouse died seized on April

9, 1917. Mary Eliza Perry Lee Griffith, a tenant in common, died December 15, 1917, a resident of Modesto, Stanislaus county, Cal., leaving her surviving the defendants Penfield as her only heirs at law and next of kin, who are the respondents upon this appeal.

She left a paper writing purporting to devise and bequeath all of her property to one Charles D. Swan, who, together with his wife, are the appellants upon this appeal. It is alleged in the amended complaint that the paper writing was duly proved before the probate judge at Modesto, Cal., on January 11, 1918, and that in and by said will, which was executed in conformity with the statutes of this State, she devised all her right, title and interest in and to the real property, the subject of this action, to the defendant Swan. Respondents, heirs at law of testatrix, answered and denied any information sufficient to form a belief as to the existence of the alleged will, while appellants, who appeared in the action, adopted as their pleading the allegations of the amended complaint.

The paper writing, together with the proofs upon which it was admitted to probate on January 11, 1918, as amended *nunc pro tunc* by order of March 26, 1924, of a judge of the Superior Court of the State of California, and an exemplification thereof by the Secretary of the State of California, under the great seal of that State, has been filed in the office of the surrogate of the county of Westchester, by order dated June 14, 1924, pursuant to sections 44 and 45 of the Decedent Estate Law.* This exemplification was received in evidence at the trial, but was rejected by the trial court as presumptive evidence, because the record of the probate, made more than six years later, *nunc pro tunc* as of the time of probate, is not sanctioned by any statute of the State of California relating to the probate of wills. The court held, however, that common-law proof of the alleged will might be given. Appellants have decided not to press the review of this portion of the decision.

A jury trial was subsequently had, at which the testimony of the two subscribing witnesses, taken by commission, was read, and the court directed a verdict that the paper writing in question was the will of Mary E. Griffith and was executed in conformity with the laws of this State, which was afterwards set aside.

*Arthur M. Johnson*, for the defendants Swan.

*J. Henry Esser* [*Raphael A. Carretta* with him on brief], for the the defendants Penfield.

---

* Respectively amd. by Laws of 1922, chap. 135, and Laws of 1909, chap. 304. Since amd. by Laws of 1925, chap. 605.— [Rep.

RICH, J. In granting the motion of the defendants Penfield to set the verdict aside and for a new trial, the learned court held that it was incumbent upon the defendant Swan to show either (1) a valid probate according to the law of this State (Surr. Court Act, §§ 80, 139–144), or (2) a valid judgment establishing the will (Decedent Estate Law, §§ 200–205),* or (3) that the presumptive evidence of the will and of the execution thereof exists pursuant to section 44 of the Decedent Estate Law; and a new trial was directed for the purpose of giving appellant Swan an opportunity to comply with these requirements.

The question presented, briefly stated, is, can the Supreme Court, in a partition action, in determining rights to an interest in the property the subject of the action as between various defendants, give effect to a paper writing purporting to be a will, as an evidence of title, unless that paper writing has been properly probated in this State? Appellants Swan say it can, and that title to real property vests in a devisee by virtue of the will itself, unaided by its probate, upon proof of its validity as the devisor's will (*Corley* v. *McElmeel,* 149 N. Y. 228; *Bradley* v. *Krudop,* 128 App. Div. 200, 202; *Lambden* v. *Thompson,* 173 id. 267, 268; *Brazill* v. *Weed,* 192 id. 66; *Alfred University* v. *Frace,* 193 id. 279; *Velsor* v. *Freeman,* 118 Misc. 276; Jessup-Redfield Surr. Pr. [2d ed.] p. 564, § 450), while respondents say that the factum of a will can only be proven outside of the Surrogate's Court by the production of evidence of probate in such court. Section 151 of the Surrogate's Court Act and *Anderson* v. *Anderson* (112 N. Y. 104) are cited as authority for this proposition.

Respondents maintain that the proof authorized is the *only* proof that can be received in a court other than a Surrogate's Court, and that the Legislature intended to make such manner of proof *exclusive.* This is sought to be demonstrated by an interesting *résumé* of the development of the law affecting the jurisdiction of the Surrogate's Court and the effect of its decrees of probate. While a decree of probate under the present statute is conclusive, except upon appeal, I do not think that it follows from this fact that the method of proof prescribed by the act was intended to be *exclusive.*

The *Anderson Case (supra)* merely stands for the proposition that the Supreme Court has no power to *establish* the will, except in cases expressly provided by statute, and that unless special and exceptional cases are shown to exist for the interposition of a court of equity, bills for the mere purpose of *establishing* a will

---

* Added by Laws of 1920, chap. 919; formerly Code Civ. Proc. §§ 1861–1866.— [REP.

ought not to be maintained, in the case of a devisee of a legal estate who is in possession under the will. The distinction between that case and the case at bar is obvious. That action was brought to establish a will and for no other purpose, while the present action is for partition, and as an incident to the granting of this relief, appellants seek to establish their title as devisees under an unprobated will. A somewhat analogous case is presented in *Alfred University* v. *Frace* (*supra*), where the testatrix, having made a will devising lands to plaintiff, subsequently made another will revoking the first one, devised the lands to defendants, and thereafter conveyed the lands to them by a deed. In entertaining an action in equity to establish title under the first will (neither of. which had been probated) and to have the second will and deed set aside as void, the court, distinguishing the *Anderson* case, Mr. Justice CLARK writing for the court, said: " The case of *Anderson* v. *Anderson* (112 N. Y. 104), relied upon by defendants Frace, is not an authority to control the situation here, for it was a very different kind of an action. That action was brought to establish a will, and for no other purpose. This action is brought in equity, *to establish title in a devisee under an unprobated will*, and to set aside a later will and deed, and as has already been pointed out, *probate is not at all essential before title to real property vests in the devisee.* (*Corley* v. *McElmeel*, 149 N. Y. 228; *Wallace* v. *Payne*, 14 App. Div. 597; *Irving* v. *Bruen*, 110 id. 558; *Lambden* v. *Thompson*, 173 id. 267.)" (Italics mine.) The defendant Swan was not, therefore, required to establish his title as devisee in the manner prescribed by the trial court in his opinion setting aside the verdict, and the learned trial court was correct in originally receiving common-law proof as to the validity of the paper writing as the will of Mary E. Griffith to establish the title of appellant Swan, the devisee therein mentioned, and upon the proof presented, properly directed a verdict in his favor.

Respondents, however, urge that this being so, the question of fact as to whether testatrix requested the witness Hudelson to sign the will as witness should have been submitted to the jury. The testimony indicates a doubt on his part that testatrix personally requested him to act as a witness, but that she had sent Mr. Swegles, the other witness, to ask him. This, it seems, is a fair interpretation of his testimony. If the request came from Swegles, as Hudelson says, it was sufficient, because he was plainly acting for the testatrix, in her presence, and with her silent permission. (*Matter of Nelson*, 141 N. Y. 152.)

It follows that the learned trial court erred in setting aside the verdict and granting a new trial. The order should, therefore, be

reversed, together with that part of the interlocutory and final judgments which adjudicates that there is no evidence from which it can be inferred that the alleged will was executed in conformity with the laws of the State of New York, so as to pass title to the devisee therein mentioned, the defendant Swan, to that share of the real estate involved in this action of which said Mary E. Griffith died seized, and the verdict reinstated, on the law, with costs to appellants, and judgment directed for the appellants Swan in accordance with the reinstated verdict.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Order reversed, and verdict reinstated, on the law, with costs to appellants, and judgment directed for the appellants Swan, in accordance with opinion.