**BONDS et al. v. SMITH.**

No. 8575.

United States Court of Appeals
District of Columbia.

Decided June 12, 1944.

Mr. Otho D. Branson, of Washington, D. C., with whom Mr. George W. Peterson, of Washington, D. C., was on the brief, for appellants.

Mr. J. Benjamin Simmons, of Washington, D. C., with whom Mr. Scott D. Kellogg, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

The trial court found that appellee and her predecessors in title continuously, openly, notoriously and adversely used for more than twenty years a four foot right of way over a portion of appellants' lot as a means of ingress and egress to a public alley; that appellants wrongfully erected, or caused to be erected, a fence obstructing the right of way. It concluded that appellee was entitled to a mandatory injunction requiring removal of the obstruction and preventing obstruction in the future. From its judgment this appeal was taken.

**370**

The contention mainly urged before us is that error was committed in receiving—as evidence to support privity of estate between appellee and her predecessor—the will of John N. Matthews her godfather, with whom she had lived for almost her entire life and from whom she claimed. The error, appellants contend, resulted from the fact that the will of Matthews had not been admitted to probate. The brief narrative of testimony which appears in the record states that: "Plaintiff offered and it was received in evidence over the objection of defendant the last will and testament of John N. Matthews which was filed in the Probate Court on August 29, 1932, by the terms of which last will and testament the plaintiff was devised and bequeathed Lot 808 in Square 1085 in fee simple, the records showing that no petition for probate or for letters of administration were ever filed."

To support their contention appellants rely upon the Act of June 30, 1902,[1] which defines the jurisdiction of the Probate Court of the District with respect to the admission of wills to probate; and upon the decision of this court in McGowan v. Elroy.[2] It will be noted that no prohibition of the kind contended for by appellants appears in the Code section upon which reliance is placed. So far as concerns the language of the McGowan case, it was unnecessary for purposes of decision, hence clearly dictum. In that case, suit had been brought for the cancellation of a deed; after decree a will devising the land in dispute, which had been executed some months before execution of the disputed deed, was offered for probate. On a bill of review the trial court was asked to consider the will as new matter arising after the decree but refused to do so. In upholding its decision, this court uttered the dictum which is set out in the margin.[3] Whatever its persuasive significance may be and assuming the conclusive effect of a probated will for the purposes specified in the Code, it does not follow that an unprobated will cannot be received in evidence for other purposes.[4] A moment's reflection will show that a will, executed with all the formalities of law and filed in the Probate Court, has characteristics of authenticity and reliability far greater than many other types of evidence which are received regularly by our trial courts as a matter of course.[5] It would be absurd to reject such evidence for all purposes upon the strained interpretation proposed by appellants.

■ Tacking consists of successive, uninterrupted *possessions* by persons between whom privity exists.[6] If such tacked pos-

---

[1] D.C.Code 1940, § 11—503: "* * * and neither the execution nor the validity of any such will or testament so admitted to probate and record shall be impeached or examined collaterally, but the same shall be in all respects and as to all persons res judicata, subject, nevertheless, to the provisions hereinafter contained." See also, id. at § 11—519: "Unless and until the same be reversed, any final order or decree admitting a will to probate shall be conclusive evidence of the validity of such will in any collateral proceeding in which such will may be brought into question, and a transcript of the record of such will, and of the decree admitting the same to probate, shall be sufficient proof thereof."

[2] 28 App.D.C. 188, 197: "Having been made after the enactment of the act of Congress approved June 8, 1898, providing for the probate of wills relating to real property, the unprobated will could not have been offered in evidence, *as an additional title* on the part of the defendants, in the original case." [Italics supplied]

[3] See note 2 supra.

[4] See Bouton v. Fleharty, 215 App. Div. 180, 213 N.Y.S. 455, affirmed, 242 N.Y. 591, 152 N.E. 440; Mussinon's Adm'r v. Herrin, 252 Ky. 495, 501, 67 S.W.2d 710, 713; Succession of Feitel, 187 La. 596, 619-623, 175 So. 72, 80, 81; Royston v. Besett, 183 Okla. 643, 646, 83 P.2d 874, 878; Farmer v. Associated Professors of Loyola College, 166 Md. 455, 472, 171 A. 361, 368; Citizens' Nat. Bank v. Custis, 153 Md. 235, 245, 138 A. 261, 265, 53 A.L.R. 1165.

[5] See for example: 5 Wigmore, Evidence (3d ed. 1940) §§ 1480 et seq.; Jackson v. Clifford, 5 App.D.C. 312, 327; Clara v. Ewell, 5 Fed.Cas. 829, No. 2,-790; Green v. Norment, D.C., 5 Mackey 80; Dodge v. Freedman's Sav. & Tr. Co., 93 U.S. 379, 383, 23 L.Ed. 920; Conkling v. New York Life Ins. & Tr. Co., 49 App.D.C. 166, 262 F. 620.

[6] Lea v. Polk County Copper Co., 21 How. [U.S.] 493, 16 L.Ed. 203; Christy v. Alford, 17 How. [U.S.] 601, 15 L.Ed. 256. See Brumbaugh v. Gompers, 50 App.D.C. 130, 132, 269 F. 472, 474.

sessions constitute one continuous adverse possession for the statutory period it will be sufficient.[7] It is possession not title which is vital.[8]

In the case of easements, as is true of acquisition of title by adverse user, generally, the privity which is necessary to permit tacking may be of estate, blood or contract.[9] A devisee can tack his possession to that of his devisor;[10] the tenant's possession is that of his landlord.[11] Privity may exist where one by agreement surrenders his possession to another in such manner that no interruption or interval occurs between the two possessions without a recorded conveyance,[12] or even without writing of any kind if actual possession is transferred.[13]

Thus, it will be seen that we have no occasion to consider the admissibility or inadmissibility in evidence of an unprobated will as evidence of title,[14] because it was not necessary for appellee to prove title, as distinguished from possession, in order to maintain this action. Anyone rightfully in possession of premises to which an easement is appurtenant may enjoin its obstruction.[15] The will *was* properly received to prove privity, a transfer of possession, and continuity of interest. The record supports the findings and judgment of the trial court.

We have carefully examined appellants' other contentions and find them to be without merit.

Affirmed.

[7] Doswell v. De La Lanza, 20 How. [U. S.] 29, 15 L.Ed. 824; Reid v. Anderson, 13 App.D.C. 30, 36. See Holtzman v. Douglas, 168 U.S. 278, 284, 285, 18 S.Ct. 65, 42 L.Ed. 466.

[8] Moran v. Moseley, Tex.Civ.App., 164 S.W. 1093, 1094; Vanderbilt v. Chapman, 172 N.C. 809, 812, 90 S.E. 993, 994, L.R.A.1917C, 143, and authorities there collected; Labore v. Forbes, 59 S. D. 12, 15, 238 N.W. 124, 125.

[9] Hoban v. Bucklin, 88 N.H. 73, 184 A. 362, 186 A. 8; Lundquist v. Eisemann, 87 Colo. 584, 290 P. 277; Martin v. Jordan, 117 Me. 574, 105 A. 104; Montague v. Marunda, 71 Neb. 805, 99 N.W. 653.

[10] Sowers v. Keedy, 135 Md. 448, 109 A. 143; Dunbar v. Aldrich, 79 Miss. 698, 31 So. 341; Hart v. Williams, 189 Pa. 31, 41 A. 983.

[11] Sherin v. Brackett, 36 Minn. 152, 30 N.W. 551.

[12] Lea v. Polk County Copper Co., 21 How. [U.S.] 493, 16 L.Ed. 203; Landes v.

Brant, 10 How. [U.S.] 348, 375, 13 L.Ed. 449; Harris v. Grayson, 146 Okla. 291, 297, 294 P. 187, 193. See 1 Ann.Cas. 761; L.R.A.1915B, 1006.

[13] Viking Refrigerator & Mfg. Co. v. Crawford, 84 Kan. 203, 114 P. 240, 35 L.R.A.,N.S., 498; Arduino v. Detroit, 249 Mich. 382, 228 N.W. 694; Harris v. Grayson, 146 Okl. 291, 298, 294 P. 187, 194; Rembert v. Edmondson, 99 Tenn. 15, 41 S.W. 935, 63 Am.St.Rep. 819; Illinois Steel Co. v. Budzisz, 106 Wis. 499, 507, 81 N.W. 1027, 1030, 82 N.W. 534, 48 L. R.A. 830, 80 Am.St.Rep. 54; Waller v. Dansby, 145 Ark. 306, 224 S.W. 615.

[14] See 2 Page, Wills (3d Ed. 1941) § 566.

[15] Walker v. Clifford, 128 Ala. 67, 76, 29 So. 588, 592, 86 Am.St.Rep. 74; Hamilton v. Dennison, 56 Conn. 359, 15 A. 748, 1 L.R.A. 287; Carter v. Wakeman, 42 Or. 147, 150, 70 P. 393, 394; Lemos v. Farmin, 128 Cal.App. 195, 200, 17 P. 2d 148, 150.