HIRAM LOCKWOOD, APPELLANT, v. MARY LOCKWOOD AND OTHERS, DEFENDANTS.

JOHN O. BAKER, PURCHASER, RESPONDENT.

*Will — executed and admitted to probate in another State — when an exemplified copy filed in a surrogate's office in this State is not evidence thereof.*

A testator died in South Carolina, where his will was made, executed and witnessed by three persons, and was admitted to probate in accordance with the laws of that State. An exemplified copy thereof was filed and recorded in the surrogate's office of the county of New York, in this State, together with certificates of the judge of the Court of Probate, and of various lawyers of South Carolina, to the effect that the original will could not, under the laws thereof, be removed from the records of the latter State. Upon the admission of the will to probate in South Carolina only one witness appeared and was examined as to to its execution, and there was no proof either as to the absence of the other witnesses or as to their handwriting, or any proof whatever in reference to said witnesses, nor did the attestation clause state that the witnesses signed such will at the request of the testator.

*Held*, that the statute of this State (chap. 311 of 1864, as amended by chapter 680 of 1872), as it stood when the will was recorded, did not make this exemplified

copy of the will evidence thereof in this State, as it appeared upon the examination of the record itself that the will had not been executed in such a manner as to comply with the laws of this State.

APPEAL from an order entered in the New York county clerk's office, June 28, 1888, denying a motion to require a purchaser to complete his purchase under a sale in a partition suit.

*Edward H. Rockwell,* for the appellant.

*C. L. Wescott,* for the respondent.

VAN BRUNT, P. J.:

The objections to the title in question are made because of defects in the execution and probate of the will of one John N. Williams, through whom the title was derived. John N. Williams died in South Carolina, where his will was made, executed and witnessed by three persons and admitted to probate in accordance with the laws of South Carolina; and an exemplified copy thereof was filed and recorded in the surrogate's office in the county of New York, and certificates of the judge of the Court of Probate and various lawyers of South Carolina were attached and recorded with the will, which showed that it could not be removed from the records of that State, and hence could not be produced here.

Upon the admission of the will to probate in South Carolina but one witness appeared and was examined as to its execution; and there was no proof either as to the absence of the other witnesses or of their handwriting or any secondary proof whatever in reference to said witnesses. There was no proof nor did the attestation clause state that any witness signed such will at the request of the testator, It is clear that, under these circumstances, the will was not executed or proven according to the laws of the State of New York. But it is claimed that, in view of the peculiar legislation authorizing the recording of wills admitted to probate in another State or territory, these objections cannot prevail. The law of this State as it stood when the will was recorded (Laws of 1864, chap. 311, as amended by the Laws of 1872, chap. 680), provide that where any real estate situate in this State has been or shall hereafter be devised by any person residing out of this State and within any other State or territory of the United States, and the will of such person shall

have been finally admitted to probate in such other State or territory and filed or recorded in the office or court where the same shall have been admitted to probate, an exemplified copy of such last will and testament or of such record thereof, and of the proofs, may be recorded in the office of the surrogate of any county in this State where any real estate so devised is situated, which record, in said surrogate's office, or an exemplified copy thereof, shall be, in cases where the original cannot be produced, presumptive evidence of said will and of the due execution thereof in all cases or proceedings relating to lands so devised.

The objection made by the plaintiff certainly has some support from the language of this provision, but in the construction of this portion of the law we must have regard to the intention of the legislature and the objects sought to be attained. It is apparent what the intention of the legislature was, namely, to allow an exemplified copy of the will and the proofs which have been recorded in another State or territory where the original could not be produced, to have the same effect as though the original had been so produced. It certainly was not the intention to give greater effect to the exemplified copy of a will and the proofs than would be given to the will itself. If such a construction is to be placed upon this section, then we would have this peculiar condition of circumstances, that a will executed in South Carolina, acording to its laws, but not according to the laws of the State of New York, devising real estate in New York, would be effectual because of the laws of South Carolina that a will which is probated must be filed and cannot be removed from the record for the purpose of production in New York, whereas, a will made in North Carolina, according to the laws of North Carolina, admitted to probate in North Carolina, but not executed according to the laws of New York, would not be effectual to pass the title to real estate in New York, because the laws of North Carolina authorize the taking of the will off the files for the purpose of probate elsewhere. Such a condition of affairs was never contemplated, and all that was intended by the legislature was that the exemplified copy of the record should be as effectual as the production of the original in those cases, where, in consequence of the law of the residence of the testator, the original could not be produced. It was never

intended to change the requirements of the laws of this State in regard to the descent of real estate, It is true that the language of the section is that the exemplified copy, in cases where the original cannot be produced, shall be presumptive evidence of the will and of the due execution thereof. But it is only presumptive evidence, and where, upon an examination of the record itself, it is apparent that the will has not been executed in such a manner as to comply with the laws of this State in reference to the transmission of real estate, the presumption is overcome and no longer exists.

The claim upon the part of the appellant, that the record is of more value than the original, shows the falsity of the position, and the construction of the section does not necessarily depend upon any such absurd rule.

We are of opinion, therefore, that the will, not being executed in accordance with the laws of this State so as to pass real estate, no title to the devisee thereunder passed, and the order appealed from should be affirmed, with ten dollars costs and disbursements.

DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with ten dollar costs and disbursements.