WILLIAM J. POLLOCK, Appellant, v. RICHARD M. HOOLEY, Impleaded with Another, Respondent.

*Deed by the grantee of a power — 1 R. S., 737, sec. 124 — testamentary power of sale — not frustrated by a deed purporting to be under an unauthorized sale — will proved in another State — power of sale to an executor in his personal capacity.*

*Semble,* that the statute (1 R. S., 737, § 124), providing that "every instrument executed by the grantee of a power conveying an estate or creating a charge, which such grantee would have no right to convey or create, unless by virtue of his power shall be deemed a valid execution of the power, although such power

be not recited or referred to therein," relates only to cases where the grantee executes the instrument, but nowhere refers to the source from which he claims to derive the authority so to do.

Where a person expressly states in an instrument that he proposes to execute a certain power which he believes to have been given him, and has no intention of executing another power which he does not believe he possesses, the statute will not hold the instrument executed to be an exercise of a power which the maker of the instrument did not believe he possessed, and had no intention of exercising, as is shown by the instrument itself.

The mere fact that an executor has applied to a court for authority to sell realty under a trust created by will, and that an order was granted under which the executor made a deed reciting that it was given in pursuance of the authority conferred by the court, as he then erroneously believed, will not affect the power of the executor (it being subsequently learned that the proceeding in court was ineffective and the order a nullity), to contract for the sale of the property, or to convey the same, if a power of sale has been conferred upon him by the will.

A will devised certain realty to the executors in trust, to rent the same during the joint lives of two beneficiaries of the rents and the life of the survivor, and at his death to convey the property to the issue of the first beneficiaries *per stirpes*, and at the end of the will, following the residuary clause, there was a general power of sale to the executors.

There was in the will no direction to divide and no share to be taken out, and nothing which could indicate that the power of sale was to apply to the residuary estate and not to the other real estate of which the testator died seized, except the fact that the clause conferring the power of sale was nearer the residuary clause than to the said trust clause.

*Held,* that it was the intention of the testator that the power of sale should apply to all his real estate, to be exercised in case any unforeseen contingency might arise, and that under such power the surviving executor of the will could convey and give a good title to the trust property.

By force of section 2703 of the Code of Civil Procedure, and in view of the absence of any provision for the issuing of letters testamentary under a will proved in another State affecting real property in this State, *semble*, that it is the intention of the legislature that the existence of a power of sale, given by such a will, over real property in this State, is to be evidenced by the record of the will here; and that whether the donee of the power has qualified himself to exercise it is to be determined by what had been done at the place of the probate of the will.

Even if this is not so, where a power of sale, in a will proved in another State, is conferred upon an executor not *virtute officii*, but as a personal trust and in a capacity distinctly different from his duty as executor, his right to convey under the power of sale depends upon the will itself and not upon the issuing of letters testamentary in this State; and in such case the power may be executed, in respect to real property in this State by the donee of the power, who has not taken out letters here.

APPEAL by the plaintiff, William J. Pollock, from a judgment of the Supreme Court, entered, on the report of a referee, in the

office of the clerk of the county of New York on the 21st day of July, 1892.

· *Matthew Hale* and *Marcus T. Hun*, for the appellant.

*H. R. Beekman*, for the respondent.

VAN BRUNT, P. J.:

This action was brought for the enforcement of a contract between the plaintiff and Richard M. Hooley, one of the defendants, by which the parties agreed to exchange certain property in the city of New York; the defendant, having refused to accept the deed tendered by the plaintiff upon the ground that the title of the executant of the deed of the premises was not a marketable title because of the want of power of one Jacob R. Shotwell, as surviving executor of one Lucy H. Eddy, deceased, to convey the title to said premises, which was vested in said Eddy at the time of her decease. The action was referred, and the facts appearing upon the trial seem to be as follows : The said Lucy H. Eddy, a resident of Rahway, in the State of New Jersey, died seized and possessed of the premises in question in March, 1879, leaving a last will and testament, and codicil thereto, which were duly admitted to probate in the Probate Court at Trenton, New Jersey, and letters testamentary were issued to said Shotwell, who, at the time of the conveyance hereinafter mentioned, was the sole surviving executor named in said will. Subsequently, a copy thereof, duly authenticated as required by law, was recorded in the office of the surrogate of the county of New York, but no letters testamentary were ever issued to said Shotwell by said Surrogate's Court.

By said will, the said Lucy H. Eddy directed all her debts, etc., to be paid by her executors as soon as possible after her decease. She then gave and devised to her executors, the survivors and survivor of them, her store and lot of ground known as No. 70 South street (the premises in question), in trust during the lives of L. A. Pollock, wife of W. J. Pollock, and Eddie Shipley, that they should rent the same, and after paying taxes and other charges thereon, to apply the net rents to the use of said L. A. Pollock and Eddie Shipley during their joint lives, and on the death of either of them, leaving the other surviving, and without leaving issue, the whole of said

net rents to be applied to such survivor for life, but if leaving issue surviving, then half of the net rents to be applied to such issue; and upon the death of the survivor, then upon the further trust that said executors, or the survivor of them, should convey the said store and lot of land to the lawful issue of said L. A. Pollock and Eddie Shipley *per stirpes*, in equal shares or to the lawful issue of such one of them as shall have died leaving lawful issue surviving ; but if they should leave no lawful issue them surviving then in trust to convey the same to the trustees of the Rahway Library Association. The testatrix then bequeathed various sums of money to various persons and corporations, and also provided that if for any reason any of the devises or bequests should lapse or fail to vest, then every such devise and bequest should revert to and form part of her residuary estate. The testatrix then devised certain interests in certain other property to Louisa Pollock, and disposed of all the rest and residue of her property, both real and personal, whatsoever and wheresoever, to certain persons named in the residuary clause. And by the last clause she appointed four persons, and the survivors and survivor of them, executors of her last will and testament with full power to sell and convey all her real estate in such manner and upon such terms as they might think proper. The testatrix subsequently executed a codicil to this will which does not bear upon the questions involved in this action.

Said Shotwell having executed a written contract with reference to the purchase of the premises in question with one Haynes, in June, 1887, presented to the Supreme Court of the State of New York, at a Special Term thereof, his verified petition asking for an order authorizing him to make sale of the property No. 70 South street, and to hold the proceeds thereof under the trusts mentioned in said will, and such proceedings were thereupon had that an order was made by the court granting the prayer of the petition. In January, 1888, the said Shotwell, as sole surviving executor and trustee under the last will and testament of Lucy H. Eddy, deceased, attempted to convey the premises in question by virtue of the authority conferred upon him by the order of the Supreme Court to said Haynes, and received the consideration named in said deed, namely, $32,500. It having been ascertained that the proceedings taken by the surviving executor were ineffective to confer the

power upon him to make the sale attempted to be made to Haynes, said executor, claiming to act under the power of sale conferred by said will, executed a further deed in confirmation and support of the title which he had thus attempted to convey. The learned referee holding that no authority to convey was conferred by the proceedings of the Supreme Court, and that, as far as the premises in question are concerned, no power of sale was contained in the will, and, if there was such a power therein contained, there was no valid exercise of such power, dismissed the plaintiffs complaint and from the judgment thereupon entered this appeal is taken.

It is conceded, upon the argument of this appeal, that the proceedings in the Supreme Court, under the authority of which the executor claimed to have executed the first deed, were a mere nullity. But it is claimed that the deed, given in January, 1888, which recited that it was given in pursuance of the authority conferred by the Supreme Court, was a valid execution of the power of sale, the claim being based upon the statute (1 R. S., 737, § 124), which reads as follows:

"Every instrument executed by the grantee of a power conveying an estate, or creating a charge, which such grantee would have no right to convey or create, unless by virtue of his power, shall be deemed a valid execution of the power, although such power be not recited or referred to therein."

This claim we do not think to be well founded, but that the statute refers only to those cases where the grantee executes the instrument, but nowhere refers to the source from which he claims to derive the authority so to do. In a case where a person, in an instrument, expressly states that he proposes to execute a certain power which he believes to have been given him, and has no intention of executing another power which he does not believe he possesses, it does not seem to us that the statute will hold the instrument executed to be an exercise of a power which the maker of the instrument did not believe he possessed, and had no intention of exercising, as is shown by the instrument itself.

But the question as to the subsequent deed executed by the executor, wherein he purported to exercise the power of sale conferred upon him by the will, stands upon a different basis, and seems to us to be a valid exercise of such power, if such power was conferred

The executor had received the consideration money for the premises. He was under obligation to convey by his written contract, and hence could have been compelled by the person to whom he had attempted to convey to fulfill his contract and execute the power of sale and convey the premises, even though he had not attempted to do so by reason of the proceedings taken in the Supreme Court.

The mere fact that such proceedings had been taken, and it had been erroneously believed that the power to convey had been thereby conferred, in no manner affected the power of the surviving executor to contract for the sale of the property, or to convey the same if a power of sale had been conferred upon him by the will. The learned referee came to the conclusion that there was no title conveyed by this attempted exercise of the power of sale, because no such power was conferred upon the executor by the will; the power of sale therein referred to being only given to him for the purposes of conversion, and with a view to the distribution of the proceeds of the sale of the realty amongst the several residuary legatees; and that the premises in question being specifically devised in trust, and there being no necessity for exercising the power of sale upon this property for the purposes of distribution, no right to the exercise of the power existed, citing, as authorities, *Morse* v. *Morse* (85 N. Y., 59) and *Fisher* v. *Banta* (66 id., 468). An examination of those cases will show that they differ very materially from the case at bar. In the case of *Fisher* v. *Banta*, by a codicil to the will, the testator *directed* his executors to sell all his real estate; and it was held in an action for the construction of the will that there being no purpose for the sale expressed in the codicil, the fair inference was that it was for the purposes of division, the executors being directed to divide his real estate equally between the sons of the testator.

In the Morse case it was held that the power of sale in the will in question was conferred for the purposes of conversion, although not so expressly declared, and this arises from the fact that the executors were required to pay over one-sixth of his residuary estate to a trustee which they could only do by making a division.

But in the will in the case at bar there is no direction to divide, no share to be taken out and nothing which can possibly indicate that the power of sale was to apply to the residuary estate and not to the other real estate of which the testatrix died seized, except

the single fact that in the drawing of the instrument the clause conferring the power of sale is more nearly situated to the residuary clause than to the clause creating the trust which has been spoken of. By the second clause of the will the real estate composing the trust is devised to the executors upon the trusts therein named. By the seventh clause all the rest and residue of the testatrix's estate is devised and bequeathed to certain individuals named, with a provision at the end of the clause that if either of the legatees should not be living at the time of the decease of the testatrix the share they would have had, if living, should *descend to and vest* in their children *per stirpes*. And then, in a separate clause, the executors are appointed and the power of sale conferred. There is no intimation, as already stated, of any idea of division by the executors. The devise of the residuary estate is as direct to the residuary legatees as it possibly could be. And at the very end of the will is given a general power of sale.

Now, it was undoubtedly the intention of the testatrix that that power of sale should apply to all her real estate, to be exercised in case any unforeseen contingency might arise. She evidently intended that the residuary devisees should take her real estate under the will, because she talks about the share of a deceased residuary devisee descending to his children. And to hold that the power of sale only applies to the residuary estate seems to be restricting it in a manner which the testatrix has not only not provided for, but, probably, did not contemplate.

It may be urged that in the clause creating the trust there is a provision that upon the termination of the trust the trustees shall convey the property devised in trust to the ultimate beneficiaries. But in respect to the property devised to the residuary legatees there is no provision whatever for the title vesting in the executors for any purpose whatever, but a mere naked power is conferred upon them. In the one case they take the title to the property. In the other they are mere donees of a power. And one would think, if a power of sale was intended to apply to one class of property rather than the other, it would be to that property the title of which was vested in them rather than to property the title to which it was the apparent intention of the testatrix to confer directly upon the beneficiaries by will.

But it is further urged, upon the part of the respondent, that Shotwell had no right to act as executor in the exercise of the power of sale conferred by the will over real estate situated in this State. It might be sufficient, in answer to this suggestion, to call attention to the fact that, although there is a provision for the issuing of ancillary letters testamentary in this State in the cases of wills of personal property which have been admitted to probate in other countries, no such provision is made in respect to wills of real property situated within this State. Section 2703 of the Code, provides that "where real property situated within this State, or an interest therein, is devised or made subject to a power of disposition by a will duly executed in conformity with the laws of this State of a person who was, at the time of his death, a resident elsewhere within the United States, and such will has been admitted to probate within the State or Territory where the decedent so resided, and is filed or recorded in the proper office, as prescribed by the laws of that State or Territory, a copy of such will, or of the record thereof, and of the proofs, or of the record thereof, * * * authenticated as prescribed in this article * * * may be recorded in the office of the surrogate of any county of this State where such real property is situated, and such record in the office of such surrogate, or an exemplified copy thereof, shall be presumptive evidence of such will, and of the execution thereof in any action or special proceeding relating to such real property." There is no provision for the issuing of letters testamentary upon such a will; it evidently being the intention of the legislature that the existence of the power should be evidenced by the record here, and whether the donee of the power had qualified himself to exercise it, was to be determined by what had been done at the place of the probate of the will. But, even if this were not so, we think, that the surviving executor had the power to execute this power of sale. It would seem that this power was not conferred upon the executors named in the will *virtute officii*, but that it was a personal trust, and such power was given them in a capacity distinctly different from their duty as executors, and, therefore, their right to convey under the power of sale depended upon the will itself, and not upon the issuing of letters testamentary in the State of New York. This

principle is recognized in the case of *Mott* v. *Ackerman* (92 N. Y., 539). It was there held that where the power granted, or the duty involved implied a personal confidence reposed in the individual over and beyond what is ordinarily implied by the selection of an executor, the power and duty are not those of an executor *virtute officii*, and do not pass to an administrator with the will annexed.

In the case at bar, the power of sale was conferred upon these individuals as individuals, and not as executors, and a discretion was reposed in them which could be exercised by nobody else. It, therefore, would seem that, by the conveyances executed by the surviving executor, a complete title was vested in the grantee of those deeds.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

Lawrence and O'Brien, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.