---

(37 Misc. Rep. 706.)

### In re NASH'S WILL.

(Surrogate's Court, Rensselaer County. April, 1902.)

1. FOREIGN WILL—RECORD—SUFFICIENCY OF ATTESTATION.

　　A copy of a will executed in Massachusetts shows an indorsement on the original of an attestation clause reading, "Signed, sealed, declared, and published by testatrix as her last will * * * in the presence of us, who, at her request, and in the presence of each other, have hereto

subscribed our names as witnesses." A certificate of the probate court in which the will was proved recited that "our statute does not require that the evidence of the witnesses thereto should be preserved in writing." *Held* not entitled to be recorded in a county in the state where real property was situated, under Code Civ. Proc. § 2703, authorizing the record of a foreign probate to be made where the will was "duly executed in conformity with the laws of this state," as the attestation clause does not show that the witnesses signed the will in the presence of the testatrix, as required by the statutes of the state.

**2. SAME—CERTIFICATE.**

A statement in the certificate that "our statute does not require that the evidence of the witnesses thereto should be preserved in writing" is not the statement required by Code Civ. Proc. § 2703, to the effect that, "if no proofs or statement of substance of proof of such will" be on file, there must be a certificate showing such fact.

In the matter of the estate of Viola L. Nash. Application for the recording of a copy of the will of said Nash, deceased, which was probated in Massachusetts. Writ denied.

Edward A. Pattison, for application.

HEATON, S. This is an application for the recording of a copy of the will of Viola L. Nash, which was probated in Norfolk county, Mass., and is made under section 2703 of the Code of Civil Procedure. The title to real estate is involved, as such record, if allowed, makes presumptive evidence of the will, and of the execution thereof. Section 2703.

Two methods seem to be provided for making title to real property situated in this state under will of a nonresident, probated in another state. One is under sections 2476, 2477, which provide for the original probate of a will of a nonresident in any county of this state wherein is situated real property of the testator to which the will relates. But it often happens that the laws are such in the state of first probate that the will itself cannot be removed from the probate office, and for that reason original probate in this state cannot be had, since the will itself cannot be produced before our courts and be filed and remain in the surrogate's office for one year. Section 2635. The other method has been made necessary on account of the absence from the state of the original will and the witnesses thereto, and is set forth in sections 2703, 2704. The former section provides that:

"Where real property situated within this state, or an interest therein, is devised or made subject to a power of disposition by a will duly executed in conformity with the laws of this state, of a person who was at the time of his, or her death, a resident elsewhere within the United States, or in a foreign country, and such will has been admitted to probate within the state or territory, or foreign country, where the decedent so resided, * * * a copy of such will or of the record thereof and of the proofs * * * may be recorded in the office of the surrogate of any county in this state where such real property is situated; and such record in the office of such surrogate or an exemplified copy thereof shall be presumptive evidence of such will and of the execution thereof in any action or special proceeding relating to such real property."

The record of the foreign probate in the surrogate's office is thus made equivalent to proving the will here. Bromley v. Miller, 2 Thomp. & C. 575; In re Langbein, 1 Dem. Sur. 448.

It is not necessary that ancillary letters testamentary should be issued here, and in fact there seems to be no provision for issuing letters in such a case, as section 2695, Code Civ. Proc., applies to wills of personal property only. In re Langbein, 1 Dem. Sur. 448; Pollock v. Hooley, 67 Hun, 370, 22 N. Y. Supp. 215. A deed executed by the executor conveys title by force of the will, although no letters have been issued in this state. Pollock v. Hooley, 67 Hun, 370, 22 N. Y. Supp. 215. It must appear that the will was executed in conformity with the laws of this state, and the copy of the will and of the proofs must be duly authenticated as provided by sections 2703, 2704. If no proofs or statements of the substance thereof be on file, there must be a certificate showing such fact. Section 2703. It would seem very inconsistent that a certificate of absence of proof was made by the reading of this part of the section to take the place of due proof. It does not seem possible that the legislature intended that a will not made in conformity with the laws of this state could affect title to real estate situated here, because of a lax law of the state where it was probated, which does not require the proofs to be taken and recorded. The purpose and object of the statute is to allow such, and only such, wills to be recorded as are "duly executed in conformity with the laws of this state." The exemplified copy can have no greater effect than the original will, and original proof of its due execution in conformity to the laws of this state. Lockwood v. Lockwood, 51 Hun, 337, 3 N. Y. Supp. 887. Where it appears upon a trial that the will was not executed in conformity to the laws of this state, the "presumptive evidence" created by recording the will is overcome, and it will be held that no title has passed by a transfer based upon it. Lockwood v. Lockwood, supra. Where no proofs were taken on the original probate, the surrogate to whom application is made should refuse to allow the will to be recorded till he is legally satisfied that the will was duly executed in conformity to the laws of this state. Testimony taken after decree of probate for the purpose even of showing that such will was executed in conformity to the laws of this state forms no part of the proof on which the will was admitted to probate, and cannot, therefore, be recorded under section 2703. In re Langbein, 1 Dem. Sur. 448. Where no proof is taken, it may be that a full attestation clause upon the will signed by the witnesses at the time of execution, which recited all of the requirements of our law as to proof, may be treated as evidence of due execution, or that other competent evidence may be produced, which shows without doubt that the will was so executed, and that such evidence, in the absence of all proof on original probate, may be received upon the question of allowing the duly authenticated will to be recorded, in order that the ends of justice may not be defeated. The application to the surrogate should be made by duly verified petition, which should set forth the preliminary facts which authorize the action of the surrogate in spreading the exemplified copy of will and proofs upon the records of the surrogate's court. Such petition should show that there is real property situated within the county of the surrogate which is devised or made subject to a power of sale in a will duly executed in conformity to the laws of this state, by a person who was

at the time of death a nonresident, stating place and date of death, alleging original probate, with date and place, together with other facts necessary and proper to be brought to the attention of the surrogate. In re Shearer's Estate, 1 Civ. Proc. R. 455.

The foregoing principles and requirements in a proceeding of this kind have been set forth at some length, because the application is one of a class seldom made, and it has seemed that a review of the few cases upon the subject would be beneficial to the profession, and would help to establish a consistent and uniform practice.

The copy of the will and papers from the probate court of Norfolk county, Mass., contain in a certificate the statement that "our statute does not require that the evidence of the witnesses thereto should be preserved in writing." It seems incomprehensible that a will can be proved in the state of Massachusetts without there being preserved in some form at least some slight testimony of the due execution of such an important document. The copy will shows that there was indorsed upon the original will, and signed by three witnesses, the following attestation clause:

"Signed, sealed, declared, and published by the testatrix as her last will and testament the said twenty first day of December, 1893, in the presence of us who at her request and in the presence of each other have hereto subscribed our names as witnesses."

This statement, if it shows all that took place at the time of the execution of the will, does not set out all of the necessary acts to make a valid execution of a will under our laws. It does not state that the witnesses signed the will in the presence of the testatrix. This is an essential element under our law, and therefore, upon the face of the papers as now presented, it cannot be said that it appears that the will was executed in conformity to the laws of this state, and its recording must be denied. It will be observed, also, that the statement in the certificate that "our statute does not require that the evidence of the witnesses thereto should be preserved in writing" is not the statement required by section 2703, to the effect that "no proofs or statement of substance of proof of such will are or is on file or recorded in such office." The application is denied.

Application denied.