---

(48 Misc. Rep. 43)

## In re HAGAR'S WILL.

(Surrogate's Court, Westchester County. July, 1905.)

WILLS—FOREIGN WILL—RECORDING—PROOF OF EXECUTION.

> Under Code Civ. Proc. §§ 2703, 2704, providing for the recording of foreign wills, where real property is situated within the state, or an interest therein is devised, a will should not be recorded where the proof thereof rests on the testimony of one of the two witnesses to it without any explanation as to the other, as the execution of the will in conformity with the laws of the state must be established in the manner provided by the law of the state.

In the matter of the last will of Sarah M. Hagar, deceased. Application by James H. Glass for probate of a foreign will. Application denied.

William X. Weed, for petitioner, and for Title Guarantee & Trust Co.

SILKMAN, S. A petition is filed by James H. Glass, who alleges that he is the owner of real property devised by the testratrix, leaving it to be assumed that it is under a grant from one of the devisees named in the will, although the petition does not so state. Annexed to the

petition is an exemplified copy of such will, of the record thereof, and of the proofs upon the probate before the surrogate of Union county, state of New Jersey.    The proofs consist of the following deposition:

"Union County—ss.:

"William F. Day, one of the witnesses to the annexed writing purporting to be the last will and testament of Sarah Maria Hagar, the testatrix therein named, deceased, being duly sworn, on his oath doth depose and say that he saw the said testatrix sign and seal the said annexed writing, and heard her publish, pronounce, and declare the same as and for her last will and testament; that at the time of the doing thereof the said testatrix was of sound disposing mind, memory, and understanding, as far as this deponent knows and as he verily believes; that Catherine Davis, the other subscribing witness thereto, was present at the same time with this deponent, and together with him subscribed her name thereto as a witness in the presence of the testatrix and of each other, at the request of the said testatrix, and that said testatrix died more than ten days ago.                    William F. Day.

"Sworn the 17th day of June, 1859, before me.
                                        "Jonathan Valentine, Surrogate."

Then follows a certificate by the surrogate, certifying that the will was proved before him on the 17th day of June, 1859.    The application is made under the provisions of section 2703 of the Code of Civil Procedure, the testatrix dying possessed of real property in Westchester county.    The section referred to provides for the record of a foreign will in the office of a surrogate in any county in this state, in a case—

"Where real property is situated within this state or an interest therein is devised or made subject to a power of disposition by a will duly executed in conformity with the laws of this state, of a person who was at the time of his, or her death, a resident elsewhere within the United States, or in a foreign country, and such will has been admitted to probate within the state or territory, or foreign country, where the decedent so resided, and is filed or recorded in the proper office as prescribed by the laws of that state or territory or foreign country."

It is apparent that the evidence upon which this will was admitted to probate in the state of New Jersey would be insufficient for its probate in a Surrogate's Court of the state of New York.    Our statute requires two subscribing witnesses, and the testimony of both must be taken unless one or both have either died or are absent from the state or incapacitated from giving testimony for any reason.    Provision is also made for the taking of testimony by commission in proper cases; and where the testimony of both subscribing witnesses is not produced, proof of the handwriting of the testatrix and of the subscribing witnesses may be substituted.    So, too, there is authority for the establishing of a will where one of the witnesses has forgotten the occurrence or testifies against its execution.

In the case at bar the record is bare of excuse or explanation of the absence of the second witness.    No foundation even is laid for the taking of the testimony of the second witness by commission or otherwise.    No testimony other than that of one subscribing witness was offered, and the fact that there was a second witness appears only in the statement of the one witness who was examined.    As the case stands it is as if the will never had more than a single witness, because its execution rests wholly upon the evidence of a single witness. It is not sufficiently shown to have been duly executed in conformity with the laws of this state as required by section 2703 of the Code.

Under such circumstances a foreign will should not be ordered to be recorded in a surrogate's office of this state, nor should an exemplified copy of such foreign will with such probate proof as above set forth have, under the authority of the above-mentioned section of the Code, superior standing to or greater effect than the original will with similar original probate proof in a county of this state. The Legislature of the state of New York never intended to give, and has not given, as I read the authorities, a foreign will such a preference. That the will has been executed in conformity with the laws of this state must be established in the manner pointed out by our law. Meiggs v. Hoagland, 68 App. Div. 182, 74 N. Y. Supp. 234; Matter of Nash, 37 Misc. Rep. 706, 76 N. Y. Supp. 453; Lockwood v. Lockwood, 51 Hun, 337, 3 N. Y. Supp. 887, 2 L. R. A. 425; Matter of Langbein, 1 Dem. Sur. 448; Estate of Shearer, 1 N. Y. Civ. Proc. R. 455.

Counsel urge in support of the application Matter of Bernsee, 141 N. Y. 389, 36 N. E. 314; but that case may be readily distinguished. In that case, it is true, but one of the subscribing witnesses testified to the essential facts, and the other denied them; but there was a full and complete attestation clause under which the contrary witness put his signature, and while on the witness stand his testimony disputed the essential facts as stated in the attestation clause, nevertheless the will was admitted to probate. For such a conflict of testimony the statute makes specific provision in section 2620 of the Code.

Counsel for the petitioner urge the great hardship which will result if the application is denied, alleging that the great lapse of time makes it impossible to cure the defects. While in applying the law such considerations should not be allowed to make weight either one way or the other, it may be suggested that in this case there is no reason for urging such a consideration. By section 2632 of the Code of Civil Procedure, as amended in 1901:

"The exemplification of the record of a will which has been proved before the surrogate or judge of probate, or other officer exercising like jurisdiction of another state, must when certified by the officer having by law, when the certificate was made, custody of the record, be admitted in evidence, as if the original will was produced and proved, when thirty years have elapsed since the will was proved."

I have disposed of the application upon the broad ground upon which it was presented; but it may not be amiss to call attention to the deposition of the subscribing witness, which fails to show that the testatrix either signed the will or acknowledged her signature in the presence of the other alleged witness.

Application denied.