(53 Misc. Rep. 509)

### In re COOPE'S WILL.

(Surrogate's Court, Westchester County. March 28, 1907.)

WILLS—FOREIGN WILL—RECORDING—NECESSARY PROOFS.

Under Code Civ. Proc. § 2703, providing for the recording of a foreign will disposing of land in New York, executed in conformity with the laws of New York, where it has been admitted to probate in the state where testator resided, and is filed or recorded in the proper office as prescribed by the laws of that state, it is necessary, to entitle it to record in New York, to prove merely that it was executed in accordance with the laws thereof, and not that it was probated in accordance with its laws.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 579.]

In the matter of filing for record an exemplified copy of the will, proceedings of proof, etc., of Thomas Coope, deceased, late of the town of Bellevue, county of Eaton, state of Michigan. Recording directed.

Arthur J. Burns, for applicant.

MILLARD, S. This is an application by the owner of certain real estate in the city of Yonkers, to have an exemplified copy of the last will and testament and proofs thereof, as taken in Eaton county, Mich., recorded in this court, in accordance with the provisions of sections 2703, 2704, Code Civ. Proc.

The petition clearly sets forth the ownership on the part of the petitioner of real estate situate in the city of Yonkers, within the state of New York; that such real estate was devised by the said last will and testament of Thomas Coope, who was at the time of his death a resident of Eaton county, in the state of Michigan; that his will has been admitted to probate in said Eaton county, in the state of Michigan, and is filed or recorded in the proper office as prescribed by the laws of that state. It also appears from the petition, and from an examination of the copy of said will thereto annexed, that said will was duly executed in conformity with laws of this state; all of the requirements of our law having been shown to have been complied with by the very full attestation clause attached to the will, and also by the testimony of the one witness, E. M. Kingsbury, who was sworn before the judge at the time of its probate. My attention has been called to the decision in the Matter of Hagar, 48 Misc. 43, 96 N. Y. Supp. 96, and, after carefully examining the facts in that case, and also the decisions cited in the learned opinion, I am convinced that the execution of the will in conformity with the laws of this state, must be shown to the satisfaction of the surrogate; but that it is not necessary to comply with the provisions and requirements of our law respecting the probate of a will to do this. If the Legislature intended otherwise, it would no doubt have made the provision read, "a will duly probated in conformity with the laws of this state" instead of duly executed in conformity with the laws of this state. My examination of the cases

cited in the Hagar Case satisfies me that in each case it appeared directly from the papers submitted, that in some respect the execution of the will had not been in accordance with the laws of this state, and, for that reason, the record of the will was denied.

I believe that the provisions of section 2703 of the Code of Civil Procedure have been complied with in every respect in the present application, and that nothing appears upon the face of the petition or other papers submitted which shows that the will of Thomas Coope was not properly executed in accordance with the laws of this state; but, on the contrary, it appears from the allegations in the petition in this case, from the attestation clause attached to the will, and from the testimony of the witness Kingsbury, that all the requirements regarding execution of wills in the state of New York have been complied with, and under these circumstances, the papers submitted being authenticated as provided by section 2704 of the Code, I must direct that the will should be recorded in this office.