(128 App. Div. 200.)

## BRADLEY v. KRUDOP.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

WILLS—ESTABLISHMENT—ADMISSION OF FOREIGN WILL TO RECORD—STATUTORY
PROVISIONS.

 Code Civ. Proc. § 2703, provides that a copy of a foreign will or record
thereof may be recorded in the office of the surrogate of any county in the
state where real property devised by the will is situated, if the will is
"duly executed in conformity with the laws of this state." *Held*, that it
is enough if it appears in some way from the foreign record that it was
"executed." not probated, in conformity with the laws of New York, and
the full evidence required by statute to prove the execution of the will
for probate in a Surrogate's Court of New York is not required.

Submission of controversy between Daniel Bradley and Herman H.
Krudop. Judgment for plaintiff.

The question is whether the plaintiff is seized of a good title to
real estate in Kings county which the defendant has entered into a
contract to purchase of him. Such title comes through the will of J.
Cutter Fuller. He was a resident of the state of New Jersey, and his
will was admitted to probate and recorded there, and a copy of such
probate record was recorded in the office of the surrogate of Kings
county.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Charles C. Suffren, for plaintiff.

Charles Foley, for defendant.

GAYNOR, J. The sole question is whether the record in the office
of the surrogate of Kings county of a copy of the record of the will
of Fuller and of the proofs thereof in the office of the New Jersey
probate court is presumptive evidence of such will and the execution
thereof, as is provided by section 2703 of the Code of Civil Procedure.
It is claimed by the defendant that it is not, for the reason that such
record shows that only one of the two subscribing witnesses to the
will was examined by the said New Jersey probate court to prove the
execution of the will. This objection is untenable. The said Code
section provides that a copy of the foreign record may be recorded in
the office of the surrogate of any county in this state where real prop-
erty devised by such will is situated when such will is "duly executed
in conformity with the laws of this state," and that such record "shall
be presumptive evidence of such will and of the execution thereof."
It does not prescribe the evidence which shall be necessary to make it
appear, or be sufficient proof, that such will was executed in conformi-
ty with the laws of this state. It does not require that the foreign
record shall show that two witnesses to the will were examined in the
foreign probate court, or that any such witness was examined. On
the contrary, it provides for the recording of the foreign record here
even though it does not show the examination of any such witness.
The requirement is only that the will was executed in conformity with
the laws of this state, and if the foreign record contains any evidence

of that fact it suffices. If it does not, the record of it here is a nullity, unless evidence dehors may be supplied on the application for the recording of it here. It must affirmatively appear in some way that the will was so executed. In the present case the foreign record contains the examination of one of the witnesses to the will, and his testimony shows that the will was executed in conformity with the laws of this state. That sufficed for the recording of the foreign record here, and to make such record here presumptive evidence of such will and of the execution thereof.

The contention of the defendant is that since our statute requires that at least two witnesses to a will be examined by the surrogate in order to admit it to probate in this state, and prescribes the evidence which shall be taken instead where one or more of the witnesses is dead, absent from the state, or incompetent from any cause, so that two cannot be examined (Code Civ. Proc. §§ 2618–2620), the same course must be followed by a foreign court in order that a copy of its record of the will and proofs may be recorded here. But no such condition is prescribed by section 2703. It is enough that it appear in some way by the foreign record—by the will and the evidence taken on the probate (if the record show the evidence), by either or by both— that it was executed in conformity with the laws of this state. The full evidence required by statute to prove the execution of a will for probate in a Surrogate's Court in this state is not required to prove its execution for admission in evidence in our other courts. The evidence of one witness to it, or any evidence sufficient at common law to prove its execution, suffices. There is nothing in section 2703 from which to deduce an intention of the Legislature to admit to record in this state the foreign probate record of wills only where such record shows that the proofs were given on the probate which are required on a probate here; in other words, to limit the recording of such records here to states which follow our way of probating wills in respect of the evidence required for probate. On the contrary, it permits the recording of such foreign records here even though it do not appear by them that any witness to the will was examined. The only requirement is that it appear that the will was "executed" —not probated—in conformity with the laws of this state. Whether the record of the will itself, with an attestation clause complying with our statute, as probated in another state or country, would suffice to show that, it is not necessary to now decide, for the evidence of the witness to the will who was examined shows it.

There is no controlling decision in this state to the contrary of the foregoing. In a number of cases where only one witness was examined it did not appear from his testimony, or from the attestation clause, that the witnesses signed at the request of the testator, and it was therefore held that the record did not show that the will was executed in conformity with the laws of this state. Lockwood v. Lockwood, 51 Hun, 337, 3 N. Y. Supp. 887, 2 L. R. A. 435; Estate of Langbein, 2 Civ. Proc. R. 226; Estate of Schearer, 1 Civ. Proc. R. 455; Matter of Nash, 37 Misc. Rep. 706, 76 N. Y. Supp. 453. In the Matter of the Will of Hagar, 48 Misc. Rep. 43, 96 N. Y. Supp. 96, the surrogate

decided that the record of a will proved in the probate court of another state by the testimony of only one of the witnesses should not be recorded in this state, and in the case of Matter of the Will of Coope, 53 Misc. Rep. 509, 103 N. Y. Supp. 431, the contrary was held. When the opinions, and the dissenting opinion, in the case of Meiggs v. Hoagland in its three trials and appeals (68 App. Div. 182, 74 N. Y. Supp. 234; 80 App. Div. 632, 80 N. Y. Supp. 1140; 41 Misc. Rep. 4, 83 N. Y. Supp. 603, affirmed without opinion on appeal) are perused in the light of the point actually involved in that case, it does not seem easy to say that any point of law was settled thereby.

Judgment for the plaintiff.

Judgment for plaintiff on submission of controversy, with costs. All concur.