In the Matter of the Estate of JOSEPH PERCY SABIN, Deceased.

Surrogate's Court, Kings County, May 15, 1935.

*Lord, Day & Lord [Allen Evarts Foster* of counsel] for the petitioner.

WINGATE, S. The question here presented appears to be novel, so far as reported decisions reveal. It concerns the authority of this court to issue letters of trusteeship to the trustees named in, and who have duly qualified as such under, the will of a resident of the State of New Jersey, who owned real property in Kings county at the time of his death.

The will was probated in New Jersey, but no formal independent probate proceeding has been had in this State. On the other hand, a decree was duly made by this court on May 23, 1934, directing that an exemplified copy of the will and probate record be recorded in this office pursuant to sections 44 and 45 of the Decedent Estate Law.

It is, of course, primary that the sole sovereignty which possesses direct authority over a decedent's real estate is that in which the particular property is located (*Warburton* v. *White,* 176 U. S. 484, 496; *Tyler* v. *United States,* 281 id. 497, 501), so that it would

appear somewhat anomalous were it to be held that the New Jersey probate, *proprio vigore,* could possess any efficacy to vest in the trustees under the will of the non-resident any rights in the local realty. This is especially true in view of the express grant of jurisdiction in this regard to the surrogates in subdivison 5 of section 40 of the Surrogate's Court Act.

The only question, therefore, is the procedure which is properly requisite in this State to effect the devolution of the title and authorize the chosen representatives of the testator to deal therewith. That this may be done by an independent proceeding for probate in the usual manner, is obvious from the provisions of subdivision 4 of section 45 of the Surrogate's Court Act. It appears reasonably obvious, however, that a compliance with section 44 of the Decedent Estate Law is intended as an equivalent, since a proceeding under that enactment is " in spirit and in fact a proving of the will to like extent though by a different method from that in vogue respecting the usual will of a domestic decedent." (*Matter of Von Deilen,* 154 Misc. 877, 879, 880, and authorities cited.)

Article 9 of the Surrogate's Court Act contains the general statutory enactments respecting the qualification and regulation of trustees, and section 171 thereof reads that

" The provisions of this act apply to either of the following trusts without regard to the residence of the trustee at the time of execution of the will: * * *

" 2. A trust relating to real property situated within the state, without regard to the residence of the testator whose will created the trust."

In view of this demonstration, and the obvious utility, if not, indeed, necessity, for the existence of an authority to enable foreign trustees to deal effectively with local realty, the court determines that it has jurisdiction to grant letters of trusteeship in the situation disclosed.

The only directly pertinent authority to which the attention of the court has been invited (*Matter of Walker,* FOLEY, S., 117 Misc. 805; affd., 203 App. Div. 844) tends to support the view here adopted. In that case the learned surrogate of New York county fixed the bond of resident trustees under a will probated in England, which, like that in the proceeding at bar, had been recorded pursuant to the provisions of section 44 of the Decedent Estate Law.

The petition herein will accordingly be granted and letters of trusteeship of this court will be issued upon the due qualification of the petitioner as required by law.

Proceed accordingly.