In the Matter of the Estate of Angelina L. Tamburri, Deceased.

Surrogate's Court, Richmond County, November 14, 1950.

*Giden & Giden* for Frank J. Lisella and another, as ancillary executors of Angelina L. Tamburri, deceased, petitioners.

*Davies, Hardy, Schenck & Soons* for respondents.

BOYLAN, S. This is an application for a determination as to the validity and effect of a notice of election served and filed by Annibale Tamburri the surviving spouse pursuant to section 18 of the Decedent Estate Law.

Angelina Lisella Tamburri died on April 1, 1948, a resident of the State of New Jersey, leaving a last will and testament dated November 15, 1947, which was duly admitted to probate by the Surrogate of Essex County, New Jersey, on April 30, 1948. Letters testamentary were duly issued to the executors named therein on May 1, 1948. The decedent made no provision in her will for her husband, but devised and bequeathed all of her estate to her children. On December 9, 1948, an order was made directing that the will probated in Essex County, New Jersey, and letters pursuant to said probate be recorded in this court. On January 12, 1949, ancillary letters testamentary were duly issued out of this court to the executors named in the will, the petitioners in this proceeding. At the time of her death decedent was seized and possessed of certain real property in the county of Richmond, State of New York. On April 6, 1949, decedent's husband, a resident of New Jersey, filed a notice of election in this court which was duly recorded.

Petitioners contend that the right of election is not available to the surviving spouse as the decedent was a resident and domiciled in the State of New Jersey. They further contend that a right of election may not be asserted in ancillary proceedings; that the surviving spouse is barred from making an election as six months have elapsed since the issuance of letters testamentary by the Surrogate of Essex County, New Jersey; that his time has not been enlarged; and that more than twelve months have elapsed since the issuance of letters testamentary.

Subdivision 7 of section 18 of the Decedent Estate Law reads in part as follows: "An election made under this section shall be in lieu of any right of dower, and must be made within six months from the date of the issuance of letters testamentary or if letters testamentary have not been issued from the date of the issuance of letters of administration with the will annexed, and shall be made by serving written notice of such election upon the representative of the estate personally or in such other manner as the surrogate may direct and by filing and recording a copy of such notice with proof of service in the surrogate's court where such will was probated."

The language of section 18 is devoid of any limitations or restrictions as to its applicability to estates of residents or the

surviving spouses of resident decedents. It has been held that subdivision 7 of section 18 of the Decedent Estate Law is remedial and should have interpretation which gives the broadest possible protection to the surviving spouse (*Matter of Altman,* 160 Misc. 812). It has been frequently enunciated that the rights granted by section 18 are to be liberally construed in favor of a surviving spouse (*Matter of Byrnes,* 260 N. Y. 465; *Matter of Zalewski,* 292 N. Y. 332; *Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Goldsmith,* 174 Misc. 270; *Matter of Brill,* 175 Misc. 236).

It is a well-established rule of law that the devolution of real property is governed by the laws of the State in which it is situated without regard to the domicile of the owner (*Matter of Majot,* 199 N. Y. 29; *Matter of del Drago,* 287 N. Y. 61; *Daniell* v. *Hopkins,* 257 N. Y. 112; *Bishop* v. *Bishop,* 257 N. Y. 40; *Lowe* v. *Plainfield Trust Co.,* 216 App. Div. 72; *Matter of Wupperman,* 164 Misc. 900; *Matter of Brecke,* 192 Misc. 920; Decedent Estate Law, § 47). The sole sovereignty which possesses direct authority over a decedent's real estate is that in which the particular property is located (*Warburton* v. *White,* 176 U. S. 484, 496; *Tyler* v. *United States,* 281 U. S. 497, 501; *Matter of Sabin,* 155 Misc. 507).

A careful search of the law does not disclose a similar case in New York State involving real property. There are cases dealing with estates of nonresidents having personal property in New York. Surrogate FOLEY held in *Matter of Slade* (154 Misc. 275) that a widow could not assert a right of election with respect to New York personalty as rights in personal property are governed by the law of the domicile of the decedent. In *Matter of Smith* (182 Misc. 711) it was held that a nonresident surviving spouse could elect against the will of a nonresident with respect to personal property when the will expressly provided that the New York law should control. Surrogate FEELEY in referring to the *Slade* case (*supra*) stated (p. 717) " the report does show that as to a small parcel of realty here the claim was noted, but that it was not pressed, nor decided, although there is an intimation that, if it had been, it might have been protected. As to realty, unquestionably, a different rule prevails." There was no realty involved in the *Smith* case so the quoted statement of the court was dictum, but it does give a clear indication of the court's viewpoint.

Although there are no decided cases under section 18 of the Decedent Estate Law, there are cases involving dower rights.

The leading case is *Roessle* v. *Roessle* (163 App. Div. 344) which held that the widow of a deceased resident of the District of Columbia could maintain an action for dower with respect to New York real property even though under the laws of her domicile she was barred from seeking dower in her husband's estate.

The will which was probated in New Jersey was recorded in this court pursuant to section 44 of the Decedent Estate Law as a will of real property. This is equivalent to proving the will in New York. Surrogate WINGATE stated in *Matter of Von Deilen* (154 Misc. 877, 879–880) '' It is, therefore, in spirit and in fact a proving of the will to like extent though by a different method from that in vogue respecting the usual will of a domestic decedent. The holding of the few cases which have adjudicated the question are in accordance with this view. (*Bromley* v. *Muller*, 2 T & C 575, 576; *Matter of Langbein*, 1 Dem. 448, 450; *Matter of Nash*, 37 Misc. 706, 708.) ''

The court holds that the New Jersey probate did not establish the validity of the will in the State of New York insofar as the rights of the surviving spouse in and to the New York real estate are concerned. The six months' period mentioned in section 18 of the Decedent Estate Law began to run when ancillary letters testamentary were issued out of this court (*Murphy* v. *Murphy*, 125 Fla. 855; *Matter of Witt*, 120 Kan. 200; *Petitt* v. *Morton*, 28 Ohio App. 227; *Scripps* v. *Wayne Probate Judge*, 131 Mich. 265).

It follows from what has been said that Annibale Tamburri, whose wife was, at the time of her death, domiciled in the State of New Jersey had the right to elect to take his intestate share and as he filed the notice of election within six months after the issuance of the ancillary letters testamentary the election is valid.

Enter decree on notice.