## In the Matter of the Estate of HENRY INESON, Deceased.

Surrogate's Court, Westchester County, January 18, 1951.

*Warren Whitfield Wells* for John V. Abbott, as ancillary administrator of the estate of Henry Ineson, deceased, petitioner.

*McDermott, Turner & Hart* for Elizabeth Yorke and others, claimants.

*William L. Moran,* special guardian.

GRIFFITHS, S. The decedent herein died *intestate,* a resident of the State of Connecticut, on March 7, 1938, seized of real property situated in this county. He was survived by his widow, who thereafter died *testate,* also a resident of the State of Connecticut. The petitioner in this proceeding is the duly qualified domiciliary and ancillary administrator of the decedent's estate, as well as executor of the will of the decedent's widow. At the time of the decedent's death his widow was his sole distributee under Connecticut law. (Conn. Gen. Stat., 1949, § 7309.) His distributees, under New York law, consisted of his widow, two sisters and a third sister, or her children, if

she predeceased the testator. (Decedent Estate Law, § 83.) Under the New York statutory rule of distribution, the decedent's widow is entitled to $10,000 and one half of the residue of the decedent's estate. (Decedent Estate Law, § 83, subd. 4.)

The assets of the decedent's estate located in New York consisted of two parcels of real property which were valued at less than $10,000 in the New York estate tax proceeding. However, the decedent's gross testamentary estate, including assets elsewhere than in New York, amounts to more than $10,000. The petitioner requests a determination as to the devolution of the decedent's real property in New York.

The devolution of a nonresident decedent's personal property is regulated by the laws of the State or country of which the decedent was a resident. (Decedent Estate Law, § 47.) The same statute provides that the devolution of a nonresident decedent's real property located in New York is regulated by the laws of this State. The New York courts, in determining the value of a resident decedent's estate for the purpose of fixing distributive shares, under subdivision 4 of section 83 of the Decedent Estate Law, do not include real property situated outside of this State. (*Matter of Maloney*, N. Y. L. J., Dec. 20, 1946, p. 1833, col. 1.) By clear analogy therefore, the devolution of a nonresident decedent's real property located in New York is determined by the value of such property, regardless of the value of other estate assets. The court determines that, upon the death of this decedent, title to the real property in question vested in his widow, Mary O. Ineson.

Attorney's fees will be allowed in the amount requested.

Submit order on notice.