Maximilian Moss, S.
As an incident to the judicial settlement of their account the executors seek a determination with respect to the validity of the trust created by testator under paragraph “ Second” of the will and the effect of the widow’s notice of election thereon. Said paragraph is the residuary clause and the only dispository provision of the will.
The testator made and executed his will in the State of New York where he was domiciled in 1947. He died in 1954 in the State of Virginia, where he then resided with his wife and five children. At the time of his death testator was possessed of real and personal property situated in both States. Testator’s will ivas probated in this court on July 28, 1954. Thereafter, the original will was transmitted to Virginia and also probated in that State on or about October 9,1954.
In the probate proceedings had in Virginia, testator’s widow renounced the provisions made for her under the avíII and *424 elected to take her intestate share. Under the laws of Virginia a surviving spouse may elect to take against a will if it provides less than the intestate share of one third unless such right to elect has been lawfully barred or relinquished (Code of Virginia, §§ 64-20; 64-27; 64-32).
The testator’s -widow has filed a notice of election in this court pursuant to section 18 of the Decedent Estate Law to take her intestate share with respect to testator’s property situated in New York State, upon the ground that the provisions of the will against her remarriage violate her statutory rights in the estate.
By paragraph ‘ ‘ Second ’ ’ testator devised all his estate in trust and empowered his trustees in their discretion to retain, lease or sell and to “ reduce to cash any ” of his assets, “ both real and personal.” The testator further provided therein as follows: ‘ ‘ the net income therefrom is to be paid over unto my beloved wife for her maintenance and for the maintenance and education of my then surviving children so long as my wife shall remain unmarried. In the event my beloved wife remarries * * * the income * * * is to be divided equally among my then surviving children and to be used for the support of said children until the youngest of them shall have reached his majority.” The will further provides that upon the youngest child’s attaining his majority the corpus of the trust is to be distributed one half to the surviving children per stirpes and one half to testator’s widow provided she is unmarried “at that time.” In the event she has remarried, then the entire estate is to be distributed among the ‘ ‘ then surviving children per stirpes and not per capita. ’ ’
It is contended that the limitation of the duration of the trust until testator’s youngest child attains his majority is an unlawful suspension of the power of alienation in excess of the period prescribed by statutes (Real Property Law, § 42; Personal Property Law, § 11) and that by reason thereof, the entire estate should be distributed as if testator had died intestate.
A proper determination of the issues involved requires a consideration of the effect of testator’s foreign residence at the time of his death upon the construction of his will and the widow’s election to take against it. Under the laws of New York State the validity or construction of a will is not affected by a change of residence made since its execution (Decedent Estate Law, § 24). The statute is remedial and must be liberally construed (Matter of Duke, 181 Misc. 529). The meaning of the language of the instrument must be ascertained by a refer *425 ence to the law which the testator had in mind, and with which he was familiar at the time of the execution thereof. In the instant case, testator is deemed to have been familiar with the law of New York which was his domicile at the execution of the will (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Kadjar, 200 Misc. 268, 270, affd. 279 App. Div. 1008; Matter of Good, 96 N. Y. S. 2d 798, 801, affd. 278 App. Div. 806, affd. 304 N. Y. 110; Restatement, Conflict of Laws, § 308; 1 Davids on New York Law of Wills, p. 741). It has further been held that no distinction need be made -with respect \o whether the property is personalty or realty (Putnam v. Lincoln Safe Deposit Co., 34 Misc. 333, affd. 66 App. Div. 136).
At the time that testator executed his will his real estate holdings in this State were substantial. The effect to be given to his will with respect to the realty is determined by the law of its situs (Matter of Haldeman, 208 Misc. 419; Decedent Estate Law, § 47) without regard to the residence of testator at the time of his death (Matter of Wuppermann, 164 Misc. 900; Matter of Culley, 182 Misc. 998). Where testator dies seized of real property in several States the courts of each State may construe the will as to the realty situated in its own State (Matter of Good, 304 N. Y. 110,116, supra; Matter of Ellis, 139 N. Y. S. 2d 640; De Vaughn v. Hutchinson, 165 U. S. 566, 570; 2 Beale on Conflict of Laws, §§ 251.3, 251.4, pp. 974, 975). The will confers on the trustees discretionary power to sell ‘ ‘ both real and personal ” property. In the absence of an imperative direction to sell, there is no equitable conversion (Matter of Tatum, 169 N. Y. 514, 518). Thus the proceeds derived from the sale of any part of testator’s realty situated in this State constitute realty.
The language used by testator in the will is a mixture of layman’s expressions and incomplete legal terminology, nevertheless, testator’s intention to dispose of all of his property by will and not to die intestate is clear. If two or more constructions are reasonably possible that interpretation is preferred which avoids either total or partial intestacy (Matter of Gallien, 247 N. Y. 195, 200; Roe v. Vingut, 117 N. Y. 204, 212; Phillips v. Davies, 92 N. Y. 199; Greene v. Greene, 125 N. Y. 506; Morton v. Woodbury, 153 N. Y. 243). The clear intention of the testator must be given effect regardless of his use of inept language or words in expressing his testamentary plan (Matter of Birdsell, 271 App. Div. 90, affd. without opinion 296 N. Y. 840).
Testator’s five children were all in being at the time the will was executed and at his death. The limitation of a trust dur *426 ing the minority of the testator’s youngest child has been construed as if the will provided that the trust was to continue until the person upon whose life it is limited attains the given age, or sooner dies (Sawyer v. Cubby, 146 N. Y. 192; Matter of Bahrenburg, 130 Misc. 196, 197, affd. 214 App. Div. 792, affd. 244 N. Y. 561 and eases therein cited). It is further evident from the language used by the testator in his will that he intended to have the trust continued for the benefit of his children until the youngest attained majority irrespective of whether the widow was to share in said trust. Testator provided in his will that if his wife remarried the “ income ” of the trust is to be used for the support and maintenance of his children “ until the youngest of them shall have reached his majority.” The testator’s intention to create a trust not exceeding the lifetime of his wife or until his youngest child attains his majority is lawful.
The bequest to the widow is conditioned upon her widowhood. A testamentary bequest terminable upon remarriage is not such a gift as will defeat the right of the surviving spouse to elect to take against the will pursuant to section 18 of the Decedent Estate Law (Matter of Ferrara, 165 Misc. 900; Matter of Kent, 180 Misc. 567; Matter of Wittner, 301 N. Y. 461). The statute embodying section 18 of the Decedent Estate Law is also remedial and must be liberally construed in favor of the surviving spouse and in this connection the change of residence of the testator has no effect upon the right to elect thereunder (Matter of Tamburri, 198 Misc. 809; Matter of Weiss, 64 N. Y. S. 2d 331; Matter of Slade, 154 Misc. 275; Matter of Ineson, 198 Misc. 999; American Historical Soc. v. Glenn, 248 N. Y. 445, 446-451; Archer v. Equitable Life Assur. Soc., 218 N. Y. 18, 25). The rights of testator’s beneficiaries in cases of excessive gifts to charity have been safeguarded by giving a liberal construction to section 17 of the Decedent Estate Law without regard to domicile of the beneficiaries (Decker v. Vreeland, 220 N. Y. 326). The same rule of construction should be applied with respect to section 18 of the Decedent Estate Law.
The court determines that testator’s widow has an absolute right to elect to take her intestate share pursuant to section 18 of the Decedent Estate Law. However, such election does not destroy the remainder of the trust provided for by testator’s will for his infant children. The trustees will be directed to deduct the widow’s elective share from the proceeds of the realty sold by them and to hold the remainder of testator’s real property or the proceeds thereof in trust pursuant to and in *427 accordance with the terms of the will. Since the court holds that the trust for testator’s infant children is not affected by the widow’s election it is not necessary to determine at this time whether the remainders are vested or contingent (Matter of Mount, 185 N. Y. 162). Settle decree on notice.