John D. Bennett, S.
This is a proceeding, brought by the surviving spouse of the decedent, to determine the validity and effect of her election to take an intestate share pursuant to section 18 of the Decedent Estate Law.
The will of the decedent, in paragraph First, gives the surviving spouse all the testator’s real property and household furniture and furnishings, for and during her lifetime or until she remarries.
A testamentary gift in trust for the life of a surviving spouse, or until she remarries, does not qualify within the terms of section 18 (subd. 1, par. [e]) of the Decedent Estate Law, and the right of election may be asserted by the surviving spouse (Matter of Byrnes, 260 N. Y. 465).
This court therefore determines that the petitioner is entitled under the provisions of section 18 of the Decedent Estate Law, to elect to take her share of this estate as in intestacy. An order to that effect will be made if the petitioner so desires.
The effect of the right of election on this estate cannot be determined on the facts now before this court. The value of the *829 provisions for the widow under the will must be determined in order to measure the extent of contribution from other gifts to make up her intestate share (Matter of Topazio, 175 Misc. 132). While there is an indication in Matter of Ferrara (165 Misc. 900). that in situations such as this the interest of the surviving spouse is measured on the presumption that the unmarried status will continue throughout life, that case was determined in 1938. Since that time a Combined Experience Remarriage Table (1939-1941), published by the Casualty Actuarial Society, has been generally used and accepted in the determination of value based upon the duration of unmarried life.
Furthermore, it may be that the election would not destroy the remainder to the children (Matter of Gallagher, 10 Misc 2d 422, affd. 7 A D 2d 1029).
Without the necessary data concerning the valuation of all the assets, and of the life expectancy and marriage expectancy of the petitioner, this court is unable to determine how the election should be applied to the facts of this estate. If such a determination is desired at this time, such evidence will have to be submitted on notice to all interested parties.
The order referred to herein will be made at this time, if desired.